George ENGLISH, Appellant,

v.

CENTRAL EDUCATION AGENCY, Lionel R. Meno, and Temple Independent School District, Appellees.

No. 3–92–595–CV.

Court of Appeals of Texas,
Austin.

Nov. 24, 1993.

Rehearing Overruled Jan. 26, 1994.

Dianne E. Doggett, Texas State Teachers Ass'n, Austin, for George English.

Dan Morales, Atty. Gen., Christopher Maczka, Asst. Atty. Gen., Austin, for Central Educ. Agency and W.N. Kirby.

Steven Copenhaver, Eric W. Schulze, Walsh, Anderson, Underwood, Schulze & Aldridge, Austin, for Temple Independent School Dist.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

## ON MOTION FOR REHEARING

ABOUSSIE, Justice.

The opinion issued by this Court on August 25, 1993, is withdrawn and the following opinion is substituted in lieu thereof.

George English appeals the district court's adverse judgment. Appellee Temple Independent School District (the "District") decided not to renew English's contract of employment and the Commissioner of Education and the district court affirmed the decision. English asserts in a single point of error that the District's board of trustees failed to provide him adequate notice and hearing before deciding not to renew his contract.[1] The District brings a crosspoint alleging that the district court had no jurisdiction in this cause. We will reverse the judgment and remand the cause to the district court.

## BACKGROUND

■ The Term Contract Nonrenewal Act ("the Act")[2] provides for the automatic renewal of a teacher's term contract unless a school district complies with certain statutory prerequisites. *Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417 (1993). The district must establish reasons justifying a teacher's nonrenewal as part of its official policies. Act § 21.203(b); *Grounds,* 856 S.W.2d at 418 The district must consider written evalua-

tions of the teacher before its decision not to renew a contract. Act § 21.202. The district must also establish policies for receiving recommendations from school administrators for nonrenewal. Act § 21.203(c). Section 21.204 of the Act further provides:

(a) In the event the board of trustees receives a recommendation for nonrenewal, the board, after consideration of the written evaluations required by Section 21.202 of [the Act] and the reasons for the recommendation shall, in its sole discretion, either reject the recommendation or shall give the teacher written notice of the proposed nonrenewal on or before April 1 preceding the end of the employment term fixed in the contract.

(b) In the event of failure to give such notice of proposed nonrenewal within the time herein specified, the board of trustees shall thereby elect to employ such employee in the same professional capacity for the succeeding school year.

At the District board meeting on March 10, 1986, District Superintendent Marilyn Hoster made recommendations to the board about the future employment of district personnel. On the last page of her report, English's name appears under the heading "Nonrenewal of Contract." Hoster had signed the page under the statement, "I recommend approval of the above contract nonrenewal" (referring to English). The board minutes reflect the following actions after an executive session:

After reconvening in regular session, Mrs. Hoster recommended approval of five personnel resignations, two personnel elections, and the election of personnel for the 1986–87 school year.... Her recommendation was approved unanimously on a motion by Dr. Gowan and seconded by Mr. Hobbs.

---

1. We note that English's point of error attacks the decision of the Commissioner of Education, not any action by the district court. However, we will construe this point liberally as challenging the district court's affirmance of the Commissioner's decision.

2. All references to the Act are to Tex.Educ.Code Ann. §§ 21.201–.211 (West 1987 & Supp.1993).

Mrs. Hoster recommended approval of the non-renewal of an administrative contract (list attached). Mr. Hobbs moved to accept Mrs. Hoster's recommendation of the non-renewal of contract. The motion was seconded by Mrs. Ward and carried on a 6–1 vote.

A "list attached" contained English's name. Three weeks later, on March 31, 1986, the board again met for the purpose of affirming "previous Board action regarding the proposed non-renewal of [English's] personnel contract."

The record reflects that this Court's opinion in *Salinas v. Central Education Agency*, 706 S.W.2d 791 (Tex.App.–Austin 1986, writ ref'd), was rendered on March 19, 1986, between the date of the two meetings. The Commissioner found that the purpose of the March 31st meeting was to ensure strict compliance with the Act following the issuance of our *Salinas* opinion. After the meeting, the board sent a letter to English dated March 31, 1986, and signed by Jerry R. Gibson, president of the board.[3] The letter stated: "YOU ARE HEREBY NOTIFIED that the Superintendent of [the District] has recommended to the Board of Trustees ... on March 31, 1986, that your employment contract as principal in the District not be renewed for the succeeding school year." The letter contained a statement of the reasons for the proposed nonrenewal, as required by section 21.204(c) of the Act. The letter informed English of his right to a hearing, as provided by section 21.205 of the Act.

English requested and was given such a hearing, after which, on August 18, 1986, the board voted not to renew his contract. English appealed the board's decision to the Commissioner, who affirmed the decision. *See* Act § 21.207. English then filed this suit for judicial review in district court. *See id.*

## JURISDICTION OF THE DISTRICT COURT

The District brings one crosspoint alleging that the district court did not have jurisdiction of English's suit for judicial review under section 16 of the Administrative Procedure and Texas Register Act ("APTRA"), Tex.Rev.Civ.Stat.Ann. art. 6252–13a (West Supp.1993).[4]

■ Section 16(e) of APTRA provides, "A motion for rehearing must be filed by a party within 20 days after the date the party or his attorney of record is notified of the final decision or order as required by Subsection (b) of this section." Failure to file a timely motion for rehearing deprives the district court of jurisdiction to review the agency's decision on appeal. *Commercial Life Ins. Co. v. Texas State Bd. of Ins.*, 774 S.W.2d 650, 651 (Tex.1989). Section 16(b) of APTRA states, "A party or attorney of record notified by mail of a final decision as required by this section shall be *presumed* to have been notified on the date such notice is mailed." (Emphasis added).

■ The district court found that the Commissioner's final decision was rendered and notice was mailed on September 21, 1990, but that English did not receive actual notice of this decision until September 27, 1990. English's motion for rehearing was filed on October 17. The District contends that this motion was untimely because it was filed more than twenty days after the Commission mailed English notice of the Commissioner's decision and, therefore, the dis-

---

**3.** The Commissioner found that this letter constituted notice of proposed nonrenewal as required by section 21.204(a) of the Act. Although English does not directly attack this finding by point of error, he argues in his appellate brief that this letter was insufficient to serve as notice because an individual board member could not bind the board as a whole. English raises this contention for the first time on appeal. Because English's motion for rehearing did not set forth the particular finding, conclusion, or ruling on this matter about which he now complains, he may not seek judicial review of the Commissioner's finding. *See Burke v. Central Educ. Agency*, 725 S.W.2d 393, 397 (Tex.App.—Austin 1987, writ ref'd n.r.e.). Nor may we consider an argument not presented in the district court. *See* Tex.R.App.P. 52(a).

**4.** Citations are to former Administrative Procedure and Texas Register Act. *See* Act of May 4, 1993, 73d Leg., R.S., ch. 268, sec. 1, §§ 2001.-001–.902, 1993 Tex.Sess.Law Serv. 587, 737–54 (codified without substantive change as Administrative Procedure Act, Tex.Gov't Code Ann. §§ 2001.001–.902 (effective Sept. 1, 1993).

trict court had no jurisdiction to entertain English's suit for judicial review. The District asserts that because English received notice within the twenty days and had *some* time remaining in which to file his motion, in this instance fourteen days, the motion remained due twenty days from the date the notice was mailed.

We find this argument unpersuasive. The statute clearly states that a party has twenty days after being notified to file a motion for rehearing. While there is a *presumption* that the party is notified the date notice is mailed, English effectively rebutted this presumption by proving he was not notified until September 27th. The District does not challenge the district court's finding or the sufficiency of the evidence supporting this fact. As English filed a *motion for rehearing* within twenty days after he was notified, the trial court had jurisdiction of this suit for judicial review. We overrule the District's cross-point.

## THE BOARD'S DECISION

English's single point of error rests upon his assertion that the board's action on March 10 and March 31, 1986, constituted nonrenewal of his contract without providing him notice or a hearing and, therefore, under section 21.204(b) of the Act, he was renewed as principal for the 1986–87 school year. Appellees insist that no nonrenewal action was taken improperly and that English was afforded his procedural rights under the Act.

 The Act was specifically designed to give teachers due process rights when a school district decides not to renew the teacher's contract of employment. *Central Educ. Agency v. George West Indep. Sch. Dist.*, 783 S.W.2d 200, 202 (Tex.1989); *Seifert v. Lingleville Indep. Sch. Dist.*, 692 S.W.2d 461, 462 (Tex.1985). A teacher is entitled to notice and hearing before the school board decides not to renew his contract. *Salinas*, 706 S.W.2d at 794. Otherwise, the board elects to renew the teacher's contract for the succeeding year. Act § 21.204(b). These procedural safeguards protect the teacher's property interest in term-contract renewal created by the Act. *See Grounds*, 856 S.W.2d at 419.

In *Salinas*, the evidence in the record clearly established that, at its first meeting on the issue, the board of trustees voted not to renew the plaintiff teacher's contract before notice and hearing. It then sent the teacher a letter stating, "You are hereby notified that ... the board of Trustees ... *voted not to renew your contract* by majority vote. (emphasis added)." *Salinas*, 706 S.W.2d at 792. At a later board meeting, the draft agenda used by the board president stated, "I hereby move to confirm the boards [sic] previous action of the termination for [appellant]." *Id.* at 794. Although the word "termination" was deleted and the phrase "proposed nonrenewal of contract" was added in handwriting, we held that the school district's argument that it made the decision not to renew after sending the letter to the teacher was unpersuasive. *Id.* The letter plainly reflected that a decision was made before the teacher was given notice or hearing.

After a superintendent has recommended that a teacher's contract not be renewed, and the board of trustees has considered the teacher's written evaluations and the reasons for the recommendation, the board has two alternatives. Act § 21.204(a). First, it can reject the recommendation. *Id.* Otherwise, it shall give the teacher written notice of the *proposed* nonrenewal no later than April 1st. *Id.* (emphasis added); *see* William T. Armstrong & Rosemary L. Hollan, *Teacher Termination and Nonrenewal in Texas Public Schools*, 16 St. Mary's L.J. 783, 803 (1985). The board must send the teacher notice of proposed nonrenewal and inform the teacher that the board will make a final decision whether to renew her contract within twenty-five days unless the teacher requests a hearing within ten days of receiving notice. Act §§ 21.205, 21.206. In the event the board prematurely votes not to renew the teacher's contract before notice and hearing, however, as in *Salinas*, the board in effect renews the teacher's contract for another year. Act § 21.204(b). Thus, the key question is whether the board by its vote predetermined the outcome of any nonrenewal process.

■ Any action the board takes after making a final decision, as in *Salinas,* cannot correct a fatal procedural defect or prevent the automatic renewal of the teacher's contract. Nonetheless, subsequent actions of the board may shed light on the nature of the board's original vote; in *Salinas,* both the language of the notice and the board president's draft of a proposed motion in a subsequent meeting clearly revealed that the board, in fact, initially had voted not to renew the plaintiff's contract. The parties agree that the notice sent to English and the board's actions at the March 31st meeting could not "cure" the board's mistake if at the March 10th meeting it had voted not to renew English's contract.

■ As in *Salinas,* the findings of fact made by the Commissioner are undisputed; however, we must determine the legal effect of the board's vote on March 10th. Unlike a determination of disputed fact, the Commissioner's determination of a question of law is not entitled to a presumption of validity. *Teacher Retirement Sys. of Tex. v. Cottrell,* 583 S.W.2d 928, 930 (Tex.Civ.App.–Austin 1979, writ ref'd n.r.e.).[5] Appellees insist that the record reflects that the board merely accepted tender of the superintendent's recommendation, instead of acting upon the substance of the recommendation. By accepting, appellees argue, the board did not reject the recommendation but instituted its second option to notify English of his right to a hearing.

■ The superintendent recommended "approval of the above contract [English's] nonrenewal." A board member moved to accept this recommendation, a motion that carried by a 6 to 1 vote.[6] By voting to accept this recommendation, the board, in effect, voted to approve English's nonrenewal. The board's action on its face violated the Act, as in *Salinas.*

The board's actions following the March 10th meeting support our conclusion. The board called the March 31st meeting to affirm its previous action regarding nonrenewal and to cure the defects in its March 10th vote. Between the meetings, our opinion in *Salinas* was issued, and English filed a grievance regarding his evaluations. At the March 31st meeting, the board was aware of the presence of a representative of the Texas State Teachers Association. Following an executive session, the board members indicated that they had read the *recommended nonrenewal.* Finally, the board affirmed its previous action taken at the March 10th meeting. As in *Salinas,* the after-the-fact description of this previous action as one involving "proposed nonrenewal" cannot cure the board's initial violation of the Act, as appellees concede.

We hold that when the District decided not to renew English's contract for employment as principal, it did so without notice and without the opportunity for a hearing. English was thus denied the procedural protection afforded by the Act. We sustain English's point of error.

We reverse the judgment affirming the decision of the Commissioner and remand the cause to the district court.

CARROLL, C.J., not participating.

5. The Attorney General suggests that we should apply a substantial evidence standard of review when reviewing the fact-findings of the Commissioner under section 19(e) of APTRA, and that we should afford the Commissioner discretion in interpreting ambiguous statutory requirements. *See Southwestern Bell Tel. Co. v. Public Util. Comm'n,* 745 S.W.2d 918, 923–24 (Tex.App.— Austin 1988, writ denied). While these propositions are correct statements of law, the parties do not dispute the facts in question here, nor do they contend that the requirements or remedies found in the Act are ambiguous.

6. The board unanimously approved the superintendent's other personnel recommendations.