POWERS, Justice.
 

 Charlie Thomas Ford, Inc. appeals from a district-court judgment that vacates a final order of the Texas Motor Vehicle Commission in a suit for declaratory relief brought by appellee A.C. Collins Ford, Inc. We will reverse part of the district-court judgment and render judgment that Collins take nothing by its action for declaratory relief. We will affirm part of the judgment assailed by Collins in three cross-points.
 

 THE CONTROVERSY
 

 The Commission, under the Motor Vehicle Commission Code, Tex.Rev.Civ.Stat.Ann. art. 4413(36), §§ 1.03-7.01 (West Supp.1995), regulates the sale and distribution of new motor vehicles. One form of regulation is the licensing of retail dealers in new motor vehicles; and one aspect of licensing pertains to the location from which dealers sell the vehicles.
 
 See id.
 
 §§ 4.01-.02. Collins applied to the Commission for authority to move its Ford dealership from one location in Harris County to another. Thomas, a competing Ford dealer, protested the application, thereby giving rise to a contested case that the Commission was obliged to decide under the provisions of the Administrative Procedure Act (APA).
 
 See id.
 
 § 3.08;
 
 see also
 
 16 Tex.Admin.Code § 103.6 (1995).
 
 See generally
 
 Administrative Procedure Act (APA), Tex.Gov’t Code Ann. §§ 2001.001, .051-.225 (West 1995).
 
 [1]
 
 A hearing was held June 15-24, 1987, at which evidence and legal argument were received. A proposal for decision was thereafter served.
 
 [2]
 

 In a meeting held September 6, 1989, the Commission, after oral argument by the parties, voted to deny Collins’s application and to adopt the findings of fact and conclusions of law proposed by the agency’s executive director who had served as hearing officer. The parties’ lawyers asked permission to be
 
 *273
 
 excused from the meeting and left the room after the commissioners indicated their consent. Immediately after they left, a commissioner suggested the need to make “certain corrections in the findings of fact.” The other commissioners concurred. The commissioners voted then to amend the hearing officer’s proposed findings of fact and to overrule the findings of fact and conclusions of law proposed by the contesting parties.
 
 [3]
 

 The Commission subsequently issued its final order denying Collins’s application, amending the hearing officer’s findings of fact, and overruling the findings of fact and conclusions of law proposed by the parties. The order is dated September 6, 1989, the date of the hearing. The hearing officer and the Commission chairman actually signed the order September 8, 1989. Collins’s lawyer states he received a copy of the order on September 11, 1989. Collins filed a motion for rehearing fifteen days thereafter, on September 26, 1989. Because the Commission did not act on the motion, it was overruled by operation of law after forty-five days.
 
 See
 
 APA § 2001.146(c).
 

 Collins sued in district court for judicial review of the Commission’s final order, alleging two causes of action against Thomas and the Commission. The first action was for a declaratory judgment holding void a Commission rule and all actions taken by the Commission in the contested case.
 
 [4]
 
 The second was an action to test for error of law the Commission’s final order, a statutory cause of action authorized by section 7.01 of the Motor Vehicle Commission Code and governed by APA sections 2001.171-.178.
 

 In an interlocutory order, the district court dismissed for want of jurisdiction all of Collins’s claims save his action to declare void the Commission’s final order on the ground that it was the result of a violation of the Open Meetings Act. Tex.Gov’t Code Ann. §§ 551.001-.146 (West 1995) (the “Act”). In its final judgment, the district court vacated the Commission’s final order and remanded the controversy to the Commission.
 

 TEXAS OPEN MEETINGS ACT AND TEXAS REGISTER ACT VIOLATIONS
 

 The parties join issue on whether the Commission’s actions, taken immediately after the lawyers left the hearing room, amounted to a violation of the Act. The relevant evidence as to those actions is undisputed. In Thomas’s second point of error, it contends the commissioner’s actions did not amount to a violation of the Act as a matter of law.
 

 The Act requires open meetings by governmental bodies and forbids closed meetings except for instances specified in the Act.
 
 See
 
 Act § 551.002. Save for emergencies, a meeting must be preceded by written notice posted in a place readily accessible to the general public at specified periods in advance of the meeting.
 
 See id.
 
 § 551.043. The term “closed meeting” refers to “a meeting to which the public does not have access.”
 
 Id.
 
 § 551.001(1). The word “ ‘open’ means open to the public.”
 
 Id.
 
 § 551.001(5). The Act provides that “[a]n action taken by a governmental body in violation of the [Act] is voidable.”
 
 Id.
 
 § 551.141.
 

 It is obvious that the lawyers were induced through mistake to leave the hearing room before the Commission determined every as-
 
 *274
 
 peet of the contested case. This does not, however, convert what was theretofore an “open meeting” into a “closed meeting” and thus into a violation of the Act. As indicated in the preceding paragraph, the purposes of the Act “are to enable
 
 public
 
 access to and to increase
 
 public
 
 knowledge of government de-cisionmaking.”
 
 City of San Antonio v. Fourth Court of Appeals,
 
 820 S.W.2d 762, 765 (Tex.1991) (orig. proceeding). There is no evidence or suggestion that any member of the
 
 public
 
 was denied access to the meeting or an opportunity to acquire knowledge of government decision making. There might conceivably have been Commission error resulting from the mistake, but the error did not amount to a violation of the Act, as claimed by Collins, and any prejudicial effect of the mistake is doubtful because Collins’s counsel had completed his oral argument, directed at the proposed fact findings, before he was excused.
 

 Collins contends the district-court judgment must be affirmed because it might rest upon a theory that the required notice of the meeting was insufficient. Collins argues that the Commission failed to issue and post advance notice of the separate and independent “meeting” that occurred after the lawyers left. We reject this reasoning. There is no second meeting shown in the record. Rather, the record shows without dispute that the commissioners’ actions relative to the Collins case were taken in the same meeting that simply continued after the lawyers were excused at their request.
 

 Collins also argues that the trial court might have deemed insufficient the notice posted by the Secretary of State because the notice, in its statement of the subject matter of the meeting, did not describe by name Collins’s contested case.
 
 See
 
 Act § 551.041 (requiring that posted notice shall state “the date, hour, place, and
 
 subject matter
 
 of’ a scheduled meeting (emphasis added)). Instead, the notice referred generally to “Proposals for Decision and Other Actions—License and Other Cases,” as well as “Motions for Rehearing” and “Proposals for Decision” in another category of cases designated as “Lemon Law Cases”. We hold the reference to proposals for decision and other actions in license cases was sufficient as a matter of law to apprise the public that the purposes of the meeting included the Commission’s consideration of proposals for decision in dealer-licensing cases. It was not necessary to
 

 go further and inquire into whether a notice was tailored to reach those specific individuals whose
 
 private
 
 interests are most likely to be affected by the proposed government action_ The intended beneficiaries of the Act are not individual citizens ... but members of the interested public.
 

 Fourth Court of Appeals,
 
 820 S.W.2d at 765 (emphasis added).
 

 Finally, Collins argues the trial court might have held insufficient the notice of the meeting contained in the
 
 Texas Register
 
 because the notice did not mention the Collins case by name and because the notice was published in the September 5, 1989 issue of the
 
 Texas Register,
 
 or less than twenty-four hours before the Commission meeting on September 6, 1989. The
 
 Texas Register
 
 was established to provide adequate and proper notice of proposed agency actions.
 
 See
 
 Tex. Gov’t Code Ann. § 2002.002. To that end, most agencies file with the Secretary of State notice of their open meetings.
 
 See id.
 
 § 2002.011(3). Copies of the publication are distributed free of charge to certain public officials and are available to all persons who wish to purchase a copy.
 
 See id.
 
 § 2002.015. The contents of the
 
 Texas Register
 
 are subject to judicial notice and are assigned evi-dentiary effect.
 
 See id.
 
 § 2002.022. Nothing in the relevant statutes suggests, however, that any insufficiency in the timing or contents of a notice, as published in the
 
 Texas Register,
 
 gives rise to private rights. We hold, therefore, that any such insufficiency cannot as a matter of law support the district-court judgment. We sustain Thomas’s second point of error.
 

 We hold as well, as a matter of law, that Collins was not deprived of due process of law by the Commissioners’ actions or the notice defects Collins alleges.
 
 See Fourth Court of Appeals,
 
 820 S.W.2d at 765 (Open Meetings Act has no due process implications). We sustain Thomas’s third point of error.
 

 
 *275
 
 COLLINS’S CROSS-POINTS
 

 In Collins’s first and third cross-points, it complains the district court erred in dismissing, for want of jurisdiction, Collins’s statutory cause of action under section 7.01 of the Motor Vehicle Commission Code and Collins’s included claim that the Commission exceeded the statutory power and jurisdiction given the agency in section 4.06(c) of the Code. The district court dismissed these claims for want of jurisdiction after hearing motions for such relief filed by Thomas and the Commission. The dismissal order does not state the grounds upon which the district court concluded it lacked jurisdiction. The motions to dismiss claimed a want of subject-matter jurisdiction due to Collins’s failure to file in the agency a timely motion for rehearing, so as to preserve error about which Collins wished to complain on appeal.
 
 [5]
 
 The dismissal order was signed February 15, 1991, and states that it was rendered
 
 after hearing.
 

 Collins’s contention that its motion for rehearing was timely filed is based upon his claim that he did not receive actual notice of the Commission’s final order until September 11, 1989.
 
 [6]
 
 This fact is supported by an affidavit of Collins’s attorney of record, attached to Collins’s motion for summary judgment filed in the district court on January 3, 1992. We cannot find, however, that the fact was substantiated
 
 in any form at the time of
 
 and in connection with the district court’s earlier order of February 15,1991, sustaining Thomas’s and the Commission’s plea to the jurisdiction. The appellate record does not include a statement of facts memorializing the evidence received in connection with the hearing upon which the dismissal order was expressly founded. We must presume the correctness of the dismissal order absent a statement of facts.
 
 See Fort Bend County v. Texas Parks & Wildlife Comm’n,
 
 818 S.W.2d 898, 900 (Tex.App.—Austin 1991, no writ). We therefore overrule Collins’s first and third cross-points.
 

 In Collins’s second cross-point, it contends the district court erred in dismissing for want of jurisdiction Collins’s cause of action under section 2001.038 of the APA, which authorizes declaratory judgments as to the validity or applicability of an agency rule when “it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff.” APA § 2001.038(a). Collins correctly points out that there is no motion-for-rehearing requirement in connection with such statutory causes of action; indeed, the reviewing “court may render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question.”
 
 Id.
 
 § 2001.038(d). The purpose of section 2001.038, however, “is to obtain a final declaration of a rule’s validity
 
 before
 
 the rule is
 
 applied.” Rutherford Oil Corp. v. General Land Office,
 
 776 S.W.2d 232, 235 (Tex.App.—Austin 1989, no writ) (emphasis added). A declaratory judgment, as to the validity or applicability of the rule in question, cannot have legal effect outside the context of Collins’s contested ease and its suit for judicial review of the Commission’s final order in the case.
 
 See Lopez v. Public Util. Comm’n,
 
 816 S.W.2d 776, 782 (Tex.App.—Austin 1991, writ denied). That case has been decided and the controversy is moot because of our holdings above in connection with Collins’s first and third cross-points.
 
 Id.
 
 We therefore overrule Collins’s second cross-point.
 

 Because of our holdings above, we need not address Thomas’s other points of error attacking the district-court judgment. For the reasons given, we reverse that part of the district-court judgment vacating the final or
 
 *276
 
 der of the Commission and render judgment that Collins take nothing by its action for declaratory relief. We affirm that part of the district-court order dismissing for want of jurisdiction Collins’s other actions and claims.
 

 [1]
 

 . The case was actually decided under the provisions of a predecessor statute, the Administrative Procedure and Texas Register Act (APTRA), 64th Leg., R.S., ch. 61, §§ 1-24, 1975 Tex.Gen.Laws 136, 136-48 (Tex.Rev.Civ.Stat.Ann. art. 6252-13a, since repealed and codified at Tex. Gov’t Code Ann. §§ 2001.001-.178 (West 1995)). When necessary, we will refer to the APTRA provisions.
 

 [2]
 

 . At the time relevant here, the proposal-for-decision practice in contested cases was regulated by APTRA section 15. The statute required that such proposed decisions be served the parties in contested cases when (1) the decision was adverse to a party other than the agency and (2) a majority of the deciding officials had neither heard the case personally nor read the record. The agency was required to include in the proposal for decision a statement of the reasons for it, together with each finding of fact and conclusion of law necessary to the decision, prepared by the person who conducted the hearing or by one who had read the record. APTRA, 64th Leg., R.S., ch. 61, § 15, 1975 Tex.Gen.Laws 136, 144 (Tex.Rev.Civ.Stat.Ann. art. 6252-13a, § 15, since repealed and codified at Tex. Gov’t Code Ann. § 2001.062(a)-(e) (West 1995)).
 

 The terms of APTRA section 15 were derived from and were almost identical to section 11 of the 1961 Model State Administrative Procedure Act, with a single exception: whereas the model act requires that the parties be given opportunity for
 
 oral argument,
 
 in connection with the proposal for decision, APTRA section 15 did not. Nor does APA section 2001.062(a)-(e).
 
 See
 
 Revised Model State Administrative Procedure Act § 11, 14 U.L.A. 416 (1961); Dudley D. McCalla,
 
 The Administrative Procedure and Texas Register Act, 28
 
 Baylor L.Rev. 445, 456 (1976). We understand, of course, that agencies frequently do entertain oral argument before taking final decisions regarding proposals for decision. That is, however, a matter of their own choosing. It was not a requirement under APTRA nor is it presently required by the APA.
 

 [3]
 

 . The amendments were arguably inconsequential in their legal effect and therefore
 
 de minimis.
 
 We need not decide whether Collins was prejudiced by them, owing to the grounds upon which we decide the appeal. Nor do we need to decide whether Collins was prejudiced because he was unable to direct oral argument at the amendments before they were made. If he was not prejudiced, he would not, of course, be entitled to a reversal of the Commission order.
 

 [4]
 

 .
 
 See
 
 Uniform Declaratory Judgments Act, Tex. Civ.Prac. & Rem.Code Ann. §§ 37.001-.011 (West 1986 & Supp.1995). In addition, Collins sued for declaratory relief under section 2001.038 of the APA, which authorizes a cause of action for declaratory judgment to determine the validity or applicability of an agency rule "if it is alleged that the rule or its threatened application
 
 interferes with
 
 or
 
 impairs ...
 
 a legal right or privilege of the plaintiff.” APA § 2001.038(a) (emphasis added). The importance of the emphasized language relates to our conclusion, subsequently in the text of our opinion, that the agency rule attacked by Collins can have no legal effect, rendering any controversy moot insofar as the validity or applicability of the rule is concerned.
 

 [5]
 

 . See APTRA section 16. Section 16 provided that a motion for rehearing was "a prerequisite to an appeal” and that it "must be filed within 15 days after rendition of a final decision or order” in a contested case. APTRA § 16. Similarly, at the relevant time the Motor Vehicle Commission Code provided that "any party may file a motion for rehearing” within 15 days after rendition of the final order or decision. Act of May 18, 1989, 71st Leg., R.S., ch. 1130, sec. 16, § 3.08(h), 1989 Tex.Gen.Laws 4653, 4661 (Tex.Rev.Civ.Stat.Ann. art. 4413(36), § 3.08(h), since amended).
 

 [6]
 

 . Collins’s contention that the time commenced to run only with his receipt of actual notice refers to our decision in
 
 English v. Central Education Agency,
 
 866 S.W.2d 73, 75-76 (Tex.App.—Austin 1993),
 
 rev’d,
 
 896 S.W.2d 167 (Tex.1995).