**WILMER–HUTCHINS INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Bridget BROWN; Lionel R. Meno, Commissioner of Education and Central Education Agency, Appellees.**

No. 03–95–00072–CV.

Court of Appeals of Texas, Austin.

Nov. 15, 1995.

Rehearing Overruled Jan. 24, 1996.

Donald W. Hill, White, Hill, Sims & Wiggins L.L.P., Dallas, for appellant.

Daniel A. Ortiz, Ortiz & Robinson, L.L.P., Arlington, for Bridget Brown.

Dan Morales, Attorney General, Frank J. Knapp, Jr., Assistant Attorney General, Administrative Law Section, Austin, for Meno and CEA.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

Appellant Wilmer–Hutchins Independent School District Board of Trustees ("Board") brings this appeal for review of the trial court's judgment upholding a decision of appellee Commissioner of Education ("Commissioner"). The Commissioner determined that the Board improperly nonrenewed teacher Bridget Brown's employment contract and ordered her reinstated. The Board sought judicial review of the Commissioner's decision in district court. Brown filed a cross-action against the Board alleging breach of contract. The district court affirmed the Commissioner's order and granted judgment for Brown on her breach of contract claim. We will affirm the trial court's judgment.

## BACKGROUND

The Superintendent of the Wilmer–Hutchins Independent School District ("Superintendent") recommended that Brown's employment contract not be renewed for the 1991–92 school year. On March 11, 1991, the Board accepted the Superintendent's recommendation without examining Brown's performance evaluations. Brown's evaluations for the 1990–91 year were not conducted until April 29 and May 3 of 1991. The Board notified Brown that on March 11 it had accepted the Superintendent's recommendation to nonrenew and that she was entitled to a hearing regarding her proposed nonrenewal. A hearing was held at her request on May 20. Near the close of the hearing, a Board member moved, "Mr. President, I rise to make a motion that the Board sticks [sic] with its original decision to nonrenew the contract of Ms. Bridget Brown." Immediately thereafter and without deliberation, the Board voted to nonrenew Brown's contract.

Brown appealed to the Education Commissioner. The Commissioner found that the Board improperly nonrenewed Brown because (1) it had failed to review performance evaluations before accepting the recommendation to nonrenew, and (2) before the hearing the Board had predetermined its decision

to nonrenew Brown's contract. The Commissioner ordered Brown reinstated for the succeeding school year.

The Board sought judicial review in district court. Brown filed a cross-petition alleging a breach of contract claim. The court upheld the Commissioner's decision and granted Brown's claim for breach of contract.

## DISCUSSION

■ In points of error one through three, the Board complains that the district court erred in affirming the agency action because the Commissioner misinterpreted §§ 21.202 & 21.204 of the Texas Education Code ("Code"). Tex.Educ.Code Ann. §§ 21.202, 21.204 (West 1987).[1] The Board contends that the Commissioner improperly required it to consider Brown's performance evaluations before accepting the Superintendent's recommendation to nonrenew. The Board alleges that by imposing this non-statutory criterion, the Commissioner has exceeded his authority and, therefore, the Commissioner's order was erroneous and the trial court's judgment affirming his decision must be reversed.

On appeal the Board does not dispute the Commissioner's *factual* determination that the Board never considered Brown's performance evaluations before accepting the Superintendent's recommendation to nonrenew. The Board simply contests the Commissioner's legal conclusion construing §§ 21.202 & 21.204 of the Code, maintaining that its consideration of the evaluations before the vote to nonrenew Brown's contract sufficed.

■ On appellate review, while not entitled to a presumption of validity, an agency's interpretation of a statute is reviewed under a plainly "erroneous" standard. *Moore v. Central Educ. Agency*, 768 S.W.2d 1, 4 (Tex. App.—Austin 1989, no writ). The construction of the Term Contract Nonrenewal Act ("TCNA") by the Commissioner is entitled to "great weight." *Hightower v. State Comm'r of Educ.*, 778 S.W.2d 595, 597 (Tex.App.—Austin 1989, no writ). An agency interpreta-

---

1. These events took place before September 1, 1993, and are governed by the law in effect at the time the events took place. Since then, § 21.204 has been partially amended at Tex.Educ.Code. Ann. § 21.204(a) (West Supp.1995).

tion of a statute receives "serious consideration" if reasonable and not contradictory of its plain language. *Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex.1993).

Section § 21.202 of the TCNA provides:

The board of trustees of each school district shall provide by written policy for the periodic written evaluation of each teacher in its employ at annual or more frequent intervals. Such evaluation shall be considered by the board of trustees prior to any decision by the board not to renew the term contract of any teacher.

Tex.Educ.Code Ann. § 21.202 (West 1987).

The version of § 21.204(a) of the TCNA in effect at the time of these events provided:

In the event the board of trustees receives a recommendation for nonrenewal, the board, *after consideration of the written evaluations required by section 21.202 of this subchapter* and the reasons for the recommendation, shall, in its sole discretion, either reject the recommendation or shall give the teacher written notice of the proposed nonrenewal on or before April 1 preceding the end of the employment term fixed in the contract.

Tex.Educ.Code Ann. § 21.204(a) (West 1987) (emphasis added).

Moreover, the Wilmer–Hutchins Independent School District's local policy provides:

SUPERINTENDENT'S RECOMMENDATION:

The Superintendent shall prepare lists of employees whose contracts are recommended for renewal or nonrenewal by the Board. *Copies of written evaluations,* other supporting documentation, if any, and reasons for the recommendation *shall be submitted for each employee recommended for nonrenewal. The Board shall consider such information in support of recommendations for nonrenewal* and shall then act on all recommendations.

Administrative Record p. 231 (emphasis added).

This Court has previously concluded that § 21.204 requires that written evaluations be considered by the local school board before it decides to propose nonrenewal of a teacher's term contract. *Amarillo Indep. Sch. Dist. v.*

*Meno,* 854 S.W.2d 950, 954 (Tex.App.—Austin 1993, writ denied). Likewise, in *English v. Central Educ. Agency,* 866 S.W.2d 73, 76 (Tex.App.—Austin 1993), *rev'd on other grounds,* 896 S.W.2d 167 (Tex.1995), this Court has detailed when the Board must consider performance evaluations:

*After* a superintendent has recommended that a teacher's contract not be renewed, and *the board of trustees has considered the teacher's written evaluations and the reasons for the recommendation,* the board has two alternatives.

*English,* 866 S.W.2d at 76 (emphasis added). The two options are to reject the recommendation or to give the teacher written notice of the proposed nonrenewal no later than April 1. *Id.*

We hold that the Commissioner correctly concluded that the board was required to consider performance evaluations *before* accepting the Superintendent's recommendation to nonrenew. We overrule points of error one through three.

■ In point of error number four, the Board complains that the Commissioner improperly concluded that the Board was required to consider *current* year evaluations before accepting the Superintendent's recommendation for nonrenewal. In his decision, the Commissioner wrote, "The [TCNA] requires that a board of trustees consider *current* year evaluations of an employee whose contract is proposed for nonrenewal." (emphasis added). The TCNA does not require the Board to consider only current evaluations. The Board can consider evaluations from earlier years. *Amarillo Indep. Sch. Dist.,* 854 S.W.2d at 954. Nevertheless, the Commissioner's erroneous statement of law has no bearing because the Board does not contest the Commissioner's factual determination that the Board did not consider *any* evaluations before accepting the Superintendent's recommendation to nonrenew. The district court did not err in upholding the Commissioner's determination that the Board violated the TCNA and improperly nonrenewed Brown's employment contract. We overrule point of error four.

■ In point of error number five, the Board contends that the district court erred in affirming the agency action because the Commissioner improperly concluded that the Board had predetermined its decision to nonrenew Brown's contract before the hearing. The Board argues that nothing in the record supports this fact. Whether the Board predetermined its decision to nonrenew Brown's contract is a question subject to substantial evidence review.

■ According to the substantial evidence rule, we must first consider whether the evidence as a whole is such that reasonable minds could have reached the same conclusion as the Commissioner. *Texas State Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114, 116 (Tex.1988), *cert. denied*, 490 U.S. 1080, 109 S.Ct. 2100, 104 L.Ed.2d 662 (1989). We may not substitute our judgment for that of the Commissioner and may consider only the record on which the Commissioner reached his decision. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). The appealing party bears the burden of demonstrating a lack of substantial evidence. *Id.* at 453. The appealing party cannot meet this burden merely by showing that the evidence preponderates against the agency decision. *Id.* at 452. If substantial evidence would support either affirmative or negative findings, we must uphold the agency decision and resolve any conflicts in favor of the agency decision. *Auto Convoy v. Railroad Comm'n*, 507 S.W.2d 718, 722 (Tex. 1974).

The record shows that at the May 20 hearing concerning the nonrenewal of Brown's contract, Mr. Wagner, a Board member, proposed the critical motion:

> Mr. President, I rise to make a motion that the board sticks [sic] with its original decision to nonrenew the contract of Ms. Bridget Brown.

Immediately thereafter and without deliberation, the Board voted in favor of the motion. The record contains no proof, such as minutes of previous meetings, controverting the inference that the Board had predetermined its decision to nonrenew Brown's contract. Accordingly, we hold that there was substantial evidence in the record to support the Commissioner's factual finding. We overrule point of error five.

In point of error six, the Board argues that the Commissioner improperly required the Board to send copies of her performance evaluations along with the notice to Brown. The Commissioner found that the Board had not included any evaluations in its notice to Brown. He did not, however, determine that this was a requirement or that a failure to send copies of the evaluations to Brown was a statutory violation. We overrule point of error six.

■ In point of error seven, the Board asserts that the Commissioner failed to consider all the legally relevant factors to determine whether the Board's actions were arbitrary or capricious. *See Consumers Water, Inc. v. Public Util. Comm'n*, 774 S.W.2d 719, 721 (Tex.App.—Austin 1989, no writ). More specifically, the Board contends that the Commissioner failed to make relevant findings as to (1) whether the Board provided Brown with a timely notice of its proposed nonrenewal, and (2) whether the Board provided Brown with a notice and opportunity for a hearing before making a decision not to renew her contract.

In point of error number eight, the Board complains that the Commissioner improperly reinstated Brown. The Board argues that pursuant to § 21.204(b) reinstatement is a proper remedy only when the Board fails to give notice of its acceptance of a recommendation to nonrenew. Because it gave Brown notice, the Board argues reinstatement is improper.

In response to both points of error, Brown contends that because the Board failed to preserve error, it has waived the issues on appeal. We agree.

■ Except in cases of emergency orders inapplicable to the instant cause, a motion for rehearing is a prerequisite to an appeal. *See* Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(e) (West Supp.1993).[2] A motion for rehearing

---

2. These events took place before September 1, 1993, and are governed by the law in effect at the

must be sufficiently definite to apprise the agency of the error claimed and to allow the agency the opportunity to correct the error or to prepare to defend it. *EnRE Corp. v. Railroad Comm'n of Texas,* 852 S.W.2d 661, 663 (Tex.App.—Austin 1993, no writ); *Burke v. Central Educ. Agency,* 725 S.W.2d 393, 397 (Tex.App.—Austin 1987, writ ref'd n.r.e.). In its motion for rehearing before the Commissioner, the Board complained neither about the Commissioner's failure to consider certain legally relevant factors, nor that reinstatement was an improper remedy. Because the Board failed to preserve these complaints for review, we overrule points of error seven and eight.

■ In point of error nine, the Board contends that by hearing Brown's action for breach of contract, the court conducted an improper hybrid trial. On appeal, the Board contests neither Brown's ability to bring a breach of contract claim arising from the nonrenewal nor the damages awarded for that claim. *See Grounds v. Tolar Indep. Sch. Dist.,* 827 S.W.2d 10, 12 (Tex.App.— Fort Worth 1992) (teachers have a cause of action for breach of contract when school districts fail to obey the TCNA), *rev'd on other grounds,* 856 S.W.2d 417, 420 (Tex. 1993); *Myrtle Springs Indep. Sch. Dist. v. Hogan,* 705 S.W.2d 707, 709–10 (Tex.App.— Texarkana 1985, writ ref'd n.r.e.) (specifying damages available based on breach of contract claim arising out of wrongful nonrenewal), *cert. denied,* 480 U.S. 906, 107 S.Ct. 1350, 94 L.Ed.2d 520 (1987). The Board simply argues that the trial court erred in conducting a hybrid proceeding, combining a trial de novo with substantial evidence review. *See Southwestern Bell Tel. v. Public Util. Comm'n,* 571 S.W.2d 503, 511 (Tex.1978).

The Board misconstrues *Southwestern Bell.* The court below did not apply two standards of review to one agency order. Rather, the district court first determined that the agency record contained substantial evidence to support the Commissioner's decision. Then, the district court heard evidence in support of Brown's original common law

cause of action for breach of contract. Accordingly, the district court was not limited to a substantial evidence review of Brown's breach of contract claim and could award appropriate relief apart from the relief the Commissioner awarded. We overrule point of error nine.

In point of error ten, the Board argues that since it complied with the TCNA, it committed no breach. Accordingly, the Board argues that the trial court erred in finding the Board breached its contract with Brown. Brown argues that the trial court properly granted her claim because (1) the Commissioner found the Board to have violated the TCNA, and (2) the TCNA formed part of her contract. *See Central Educ. Agency v. George West Indep. Sch. Dist.,* 783 S.W.2d 200, 201–02 (Tex 1989) (protections of TCNA are part of employment contract; district may not unilaterally abrogate protections without committing a breach). In response to Brown's claim, the Board does not contend that the Commissioner's decision is incompetent evidence to prove by a preponderance that the Board breached Brown's employment contract. The Board simply argues that the Commissioner erroneously concluded that the Board had violated the TCNA. Therefore, according to the Board, it did not breach Brown's contract. Because we find that the record contained substantial evidence to support the Commissioner's finding that the Board violated the TCNA, the Board's argument has no merit. We overrule point of error ten.

■ In point of error eleven, the Board argues that the trial court lacked jurisdiction to hear Brown's breach of contract claim because she failed to exhaust her administrative remedies. The Board argues that the Commissioner had no authority to reinstate Brown based on the findings of fact and conclusions of law in the Commissioner's decision. Therefore, the Board maintains, Brown somehow bore the burden of petitioning the Commissioner in a motion for rehearing, and for raising at trial, the issue of the Commissioner's failure to include grounds in

time the events took place. Since then, the applicable statute has been codified at Gov't Code

Ann. § 2001.45 (West Supp.1995).

his decision which would justify reinstatement.

The Board's argument has no merit. It is true that a party must exhaust all administrative remedies, including filing a motion for rehearing, before seeking judicial review of any agency action. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(e) (West.Supp 1993); *see also Burke v. Central Educ. Agency*, 725 S.W.2d 393, 397 (Tex.App.—Austin 1987, writ ref'd n.r.e.) (holding that the party seeking judicial review of the Commissioner of Education's decision must have submitted a motion for rehearing articulating each contention of error). However, Brown did not seek judicial review in the district court of an agency action. The Board was the party seeking judicial review of the Commissioner's decision; Brown was the defendant in that proceeding. She was the plaintiff in her original action seeking damages for breach of contract. Therefore, she had no administrative remedies for that action. We overrule point of error eleven.

### CONCLUSION

We affirm the trial court's judgment.