Jeanette SEIFERT and Texas Central Education Agency, Petitioners,

v.

**LINGLEVILLE INDEPENDENT SCHOOL DISTRICT,** Respondent.

No. C–3962.

Supreme Court of Texas.

June 19, 1985.

Rehearing Denied July 17, 1985.

Coan and Terrill, Marilyn Shell, Stephenville, for respondent.

Schwartz, Waterman, Fickman and Van Os, Leonard J. Schwartz and Linda Farin, Jim Mattox, Atty. Gen., George Arlon Warner, Jr., Asst. Atty. Gen., Austin, for petitioners.

HILL, Chief Justice.

The question presented for review is whether the Board of Trustees of the Lingleville Independent School District gave Jeanette Seifert a legally valid reason for nonrenewal of her teaching contract pursuant to the Term Contract Nonrenewal Act (TCNA), TEX.EDUC.CODE ANN. ·§§ 21.-201–.211 (Vernon Supp.1985). Following the District's decision not to renew her teaching contract, Seifert appealed to the Commissioner of Education who reversed the District's decision. The State Board of Education affirmed the Commissioner's decision and the District appealed to the District Court of Travis County. The district court granted summary judgment upholding the Commissioner's decision. In an unpublished opinion, the court of appeals reversed the judgment of the district court and remanded the cause to that court with instructions to remand the cause to the Commissioner for further proceedings. We reverse the judgment of the court of appeals and affirm the judgment of the district court.

Seifert was employed as a teacher by the District from 1975 through the 1981–82 school year under a series of one year term contracts. In 1982, the District gave Seifert written notice that the superintendent had recommended to the District that her contract not be renewed because of a "community feeling of incompetence." Following a hearing, the District voted not to renew Seifert's contract.

Pursuant to section 21.207 of the TCNA, Seifert appealed the District's decision to the Commissioner who determined: (1) that "community feeling of incompetence" was not a permissible reason for nonrenewal of Seifert's contract, (2) that Seifert had received fair notice of the reason of actual incompetence, and (3) that there was not substantial evidence in the record of actual incompetence to support the District's decision. The court of appeals did not address the argument that Seifert's contract was not renewed for an impermissible reason, but agreed that Seifert had "fair notice" of the reason of actual incompetence and held that the Commissioner incorrectly excluded certain evidence as hearsay in concluding that there was not substantial evidence of actual incompetence.

■ Prior to enactment of the TCNA, the contract of a non-probationary teacher employed for a fixed term like Seifert could be nonrenewed without any reason or explanation and without a hearing so long as the teacher's constitutional rights were not violated. *See Hix v. Tuloso-Midway Independent School District,* 489 S.W.2d 706 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). The TCNA was enacted to give Texas teachers certain procedural protections. Section 21.202 requires the board of trustees of each school district to provide by written policy for the periodic writ-

ten evaluation of each teacher. The board of trustees is to consider these evaluations prior to any decision not to renew a teacher's term contract. Section 21.203(b) provides in part: "The board of trustees of each school district shall establish policies consistent with the subchapter which shall establish reasons for nonrenewal." Section 21.204 of the TCNA requires the board to give a teacher written notice of a proposed nonrenewal setting forth a statement of reasons for the nonrenewal. The TCNA also requires the board to conduct a hearing on nonrenewal if the teacher requests it. § 21.205. A teacher aggrieved by the board's decision has the right to appeal. § 21.207.

In compliance with section 21.203(b), the District adopted a published policy which set out 18 reasons for nonrenewal of a teacher's contract. The notice Seifert received informed her that her contract was being nonrenewed for the reason of "community feeling of incompetence." Although the District listed "incompetence" in its published policy, it did not establish "community feeling of incompetence" as one of its 18 reasons for nonrenewal. Sections 21.203(b) and 21.204 of the TCNA are mandatory. Thus, we hold that Seifert's contract could not be nonrenewed for a reason unlisted in the District's policy. Because we have determined that the District violated TCNA sections 21.203(b) and 21.-204, it is unnecessary for us to decide whether the District's reason for nonrenewing Seifert's contract was otherwise invalid.

We need not review whether there was substantial evidence of actual incompetence because Seifert did not receive adequate notice of this reason for nonrenewal. It was likewise unnecessary for the Commissioner to decide the substantial evidence question. The Commissioner relied upon a statement in Seifert's brief to the effect that if she had to identify for herself a reason for nonrenewal consistent with the District's established policies, the reason of actual incompetence was the only reason of which she had fair notice. However, Section 21.204(c) of the TCNA provides as follows: "[t]he notice of proposed nonrenewal required in this section *shall* contain a statement of *all* the reasons for such proposed action." [Emphasis added.] The statute is clear; it requires the District to give actual written notice of all the reasons for nonrenewal, not fair notice. The District did not give Seifert written notice that it was nonrenewing her contract for actual incompetence; therefore, we hold that it could not validly refuse to renew her contract for that reason.

The judgment of the court of appeals is reversed, and the judgment of the district court is affirmed.