**Jesus SALINAS, Appellant,**

v.

**CENTRAL EDUCATION AGENCY, et al., Appellees.**

**No. 14465.**

Court of Appeals of Texas, Austin.

March 19, 1986.

Rehearing Denied April 16, 1986.

Leonard J. Schwartz, Schwartz, Waterman, Fickman & Van Os, P.C., Austin, for appellant.

Jim Mattox, Atty. Gen., George Warner, Asst. Atty. Gen., Austin, for Central Educ. Agency.

* Klingeman, Justice (Retired), Fourth Court of Appeals, sitting by assignment. See Art. 1812,

Sal Levatino, Austin, for Ben Bolt-Palito Blanco Independent School Dist.

Before SHANNON, C.J., and KLINGEMAN * and CARROLL, JJ.

CARROLL, Justice.

Appellant challenges a summary judgment upholding the Central Education Agency's affirmance of the decision by the board of trustees of the Ben Bolt-Palito Blanco Independent School District not to renew his contract as a teacher. We will reverse the judgment of the district court.

### THE CONTROVERSY

*1. Nonrenewal of Contract.* The school district employed appellant as athletic director and head football coach for the Ben Bolt-Palito Blanco High School. During a March 10, 1982, meeting, the school district's board of trustees met with the superintendent of schools in executive session for evaluation of professional personnel. The board considered the superintendent's recommendations concerning renewal or nonrenewal of teacher contracts, including his recommendation that appellant's contract be renewed.

Despite the superintendent's recommendation, the board voted not to renew appellant's contract. On March 12, the superintendent notified appellant by letter of the board's decision.

The March 12 letter to appellant provided in part:

> You are hereby notified that ... the board of Trustees on March 10, 1982, *voted not to renew your contract* by majority vote. (emphasis added)

The letter goes on to state that "that this notice is given pursuant to ... § 21.204 of the Tex. Educ. Code," and then lists six specific reasons relied upon by the board in deciding not to renew appellant's contract. The letter then concludes by informing appellant:

as amended.

If you desire a hearing, ... you must notify the Board of Trustees in writing of that request. The board shall provide a hearing to be held within (15) fifteen days after receiving your notice requesting a hearing.

Appellant did request a hearing which was held on March 30. At the March 30 hearing, the board again voted not to renew appellant's contract.

*2. Administrative Review.* Appellant challenged the board's action by appeal to the Texas Education Agency. The Commissioner of Education rejected appellant's arguments and concluded that the school district had acted in accordance with the relevant statutes, and had not violated appellant's due process rights. His decision was adopted by the Central Education Agency.

*3. Proceedings in District Court.* The appellant then filed suit in the district court of Travis County seeking review of the Agency's decision. Appellant and both appellees filed motions for summary judgment. The district court granted appellees' motions for summary judgment in part, affirmed the actions of the Agency and the board of trustees, and denied appellant any relief.

## RELEVANT STATUTES

The Term Contract Nonrenewal Act is contained in § 21.201—.211, Tex.Educ.Code Ann. (Supp.1986). Section 21.203 grants the board of trustees of each school district the power to choose not to renew the employment of any teacher employed under a term contract effective at the end of the contract period. However, each board of trustees is required to adopt policies consistent with the Act to establish reasons for nonrenewal, and must also adopt policies and procedures for receiving recommendations from its school administration for the nonrenewal of teacher term contracts.

Section 21.204 requires that the board of trustees give the teacher written notice of the proposed nonrenewal on or before April 1 preceding the end of the employment term fixed in the contract. Where the board fails to give such notice of *proposed nonrenewal,* the board "shall thereby elect to employ such employee in the same professional capacity for the succeeding school year."

## CONTENTIONS ON APPEAL

The appellant presents two main questions for resolution. First, appellant argues that a board of education is powerless to decide not to renew a teacher's contract when the superintendent of schools has recommended renewal. Next, appellant contends that he was entitled to notice and a hearing *before* the board decided not to renew his contract.

In response, the appellees first point to § 21.203(a) of the Act which confirms each school board's unquestioned power to choose not to renew the contract of any teacher, subject to certain procedural requirements and minimum standards of reasonableness set out in the Act. Next, appellees argue that the phrase "proposed nonrenewal" is not required by the Act, and that appellant was given meaningful procedural protection which included "timely notice of the board's actions, reasons ... and an opportunity for a hearing." Finally, appellees contend that it is clear from the letter itself that the board did not consider its decision to be final.

## DISCUSSION AND HOLDINGS

Appellant's argument that a school board is powerless to act without first receiving a recommendation from the school district's superintendent is not convincing, especially in light of § 21.203 of the Act, and in the face of any school board's undoubted ability to influence its superintendent. However, our resolution of the appellant's second argument dealing with the notice and procedural requirements under the Act make a determination of the first argument unnecessary. We will instead address the appellant's contentions dealing with the procedural requirements of the Act.

In summary, the issue on appeal is whether a board of trustees can lawfully decide not to renew a teacher's contract without first giving the teacher notice that nonrenewal is being considered, and then allowing the teacher a hearing *before* the decision is made by the board. In this appeal, the school district's argument that the decision not to renew appellant's contract was made *after* the March 12 "notice" letter and following the March 30 hearing is simply not persuasive.

■ We agree that the words "proposed nonrenewal" are not required to meet the notice requirements of § 21.204. A valid notice of the board's decision to consider nonrenewal of a teacher's contract can certainly be given without including the phrase "proposed nonrenewal." However, the March 12 letter simply does not notify appellant of the board's decision to "consider" nonrenewal of the contract, or that nonrenewal has been "proposed." Rather, the letter is plainly notice of a decision *already made* "not to renew [appellant's] contract."

We find that the March 12 letter unequivocally states that the board of trustees voted on March 10, 1982 not to renew appellant's contract. The first draft of the official minutes of the meeting held on March 30 confirms this conclusion. The draft was apparently prepared in part before the meeting, and was used by the board's president as an outline for the hearing. Item six on the draft agenda used by the president set forth the following proposed motion:

I hereby move to confirm the boards [six] previous action of the termination for [appellant].

After the agenda had been typed, the word "termination" in item six was deleted, and the phrase "proposed nonrenewal of contract" was added in handwriting.

Appellant argues that the school district's decision of nonrenewal without notice or an opportunity to be heard constituted a denial of due process of law under the Fourteenth Amendment to the Constitution of the United States as well as a violation of the terms of the Act. Because of our interpretation of the Act and its procedural protections, we need not address appellant's arguments concerning the Fourteenth Amendment.[1]

■ It is clear that the Act was enacted to give Texas teachers certain procedural protections. *Seifert v. Lingleville Independent School District*, 692 S.W.2d 461 (Tex.1985). The total effect of the Act is to insure that teachers under term contracts will only be subject to nonrenewal when they fail to follow the lawful policies established by their school district, and that each school district must establish clear reasons for nonrenewal. Such teachers are entitled to notice and a hearing *before* the decision not to renew their contract is made by the board of trustees. See §§ 21.203–21.205 of the Act.

The school district could not decide not to renew appellant's contract without complying with the procedural requirements of the Act. Fundamental fairness dictates that a person must be given the opportunity to be heard on the merits of the dispute at a meaningful time (adequate notice) and

---

1. Appellant's due process claim under the Fourteenth Amendment depends on his possession of a property right. *Board of Regents v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972). Protected property interest can be created and defined by state statutes or rules entitling citizens to certain benefits. *See, e.g., Cleveland Bd. of Education v. Loudermill,* — U.S. ——, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Board of Regents v. Roth, supra.* There is some question as to whether the Term Contract Nonrenewal Act has created any sort of protected property interest in continued employment.

*See, e.g.,* Armstrong and Hollan, *Teacher Termination and Nonrenewal in Texas Public Schools,* 16 St. Mary's L.J. 783 at 799, (1985), where the authors contend that *the property interest Texas public school teachers have in their employment,* secured by the due process clause of the Fourteenth Amendement, is defined by reference to Tex. Educ. Code, chs. 21 and 13, and to each local board's policies and practices. However, the term "property interest" cannot be found in either of the cited sections of the Education Code.

in a meaningful manner (a fair hearing). *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983). The Act permits no less.

The Act plainly recognizes the power of the board of trustees of each school district to choose not to renew the contract of any teacher employed under a term contract. It may well be that the six specific reasons cited by the board in its March 12 letter would support its decision not to renew appellant's contract. However, *before* the board could lawfully *decide* not to renew appellant's contract, the board had to first comply with the minimum procedural requirements established by the Act. It had to notify appellant that nonrenewal was being proposed or considered, and it had to give him an opportunity to respond before deciding not to renew his contract.

In this appeal, the record shows on its face that the decision not to renew appellant's contract was made without notice and without the opportunity of a hearing.

We hold that appellant was denied the protection afforded by the Act, and we reverse the judgment below and remand the cause to the trial court.