english v. CEA 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-92-595-CV




GEORGE ENGLISH,



 APPELLANT


vs.





CENTRAL EDUCATION AGENCY, LIONEL R. MENO,


AND TEMPLE INDEPENDENT SCHOOL DISTRICT,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 494,682, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





 The opinion issued by this Court on August 25, 1993, is withdrawn and the
following opinion is substituted in lieu thereof. 

 George English appeals the district court's adverse judgment. Appellee Temple
Independent School District (the "District") decided not to renew English's contract of
employment and the Commissioner of Education and the district court affirmed the decision. 
English asserts in a single point of error that the District's board of trustees failed to provide him
adequate notice and hearing before deciding not to renew his contract. (1) The District brings a crosspoint alleging that the district court had no jurisdiction in this cause. We will reverse the
judgment and remand the cause to the district court.



BACKGROUND


 The Term Contract Nonrenewal Act ("the Act") (2) provides for the automatic renewal
of a teacher's term contract unless a school district complies with certain statutory prerequisites. 
Grounds v. Tolar Indep. Sch. Dist., 36 Tex. Sup. Ct. J. 1036, 1037 (June 23, 1993). The district
must establish reasons justifying a teacher's nonrenewal as part of its official policies. Act
§ 21.203(b); Grounds, 36 Tex. Sup. Ct. J. at 1037. The district must consider written evaluations
of the teacher before its decision not to renew a contract. Act § 21.202. The district must also
establish policies for receiving recommendations from school administrators for nonrenewal. Act
§ 21.203(c). Section 21.204 of the Act further provides:



(a) In the event the board of trustees receives a recommendation for nonrenewal,
the board, after consideration of the written evaluations required by Section
21.202 of [the Act] and the reasons for the recommendation shall, in its sole
discretion, either reject the recommendation or shall give the teacher written
notice of the proposed nonrenewal on or before April 1 preceding the end of
the employment term fixed in the contract.


(b) In the event of failure to give such notice of proposed nonrenewal within the
time herein specified, the board of trustees shall thereby elect to employ such
employee in the same professional capacity for the succeeding school year.



 At the District board meeting on March 10, 1986, District Superintendent Marilyn
Hoster made recommendations to the board about the future employment of district personnel. 
On the last page of her report, English's name appears under the heading "Nonrenewal of
Contract." Hoster had signed the page under the statement, "I recommend approval of the above
contract nonrenewal" (referring to English). The board minutes reflect the following actions after
an executive session:



After reconvening in regular session, Mrs. Hoster recommended approval of five
personnel resignations, two personnel elections, and the election of personnel for
the 1986-87 school year. . . . Her recommendation was approved unanimously on
a motion by Dr. Gowan and seconded by Mr. Hobbs.


Mrs. Hoster recommended approval of the non-renewal of an administrative
contract (list attached). Mr. Hobbs moved to accept Mrs. Hoster's
recommendation of the non-renewal of contract. The motion was seconded by
Mrs. Ward and carried on a 6-1 vote.



A "list attached" contained English's name. Three weeks later, on March 31, 1986, the board
again met for the purpose of affirming "previous Board action regarding the proposed non-renewal
of [English's] personnel contract." 

 The record reflects that this Court's opinion in Salinas v. Central Education
Agency, 706 S.W.2d 791 (Tex. App.--Austin 1986, writ ref'd), was rendered on March 19, 1986,
between the date of the two meetings. The Commissioner found that the purpose of the March
31st meeting was to ensure strict compliance with the Act following the issuance of our Salinas
opinion. After the meeting, the board sent a letter to English dated March 31, 1986, and signed
by Jerry R. Gibson, president of the board. (3) The letter stated: "YOU ARE HEREBY NOTIFIED
that the Superintendent of [the District] has recommended to the Board of Trustees . . . on March
31, 1986, that your employment contract as principal in the District not be renewed for the
succeeding school year." The letter contained a statement of the reasons for the proposed
nonrenewal, as required by section 21.204(c) of the Act. The letter informed English of his right
to a hearing, as provided by section 21.205 of the Act.

 English requested and was given such a hearing, after which, on August 18, 1986,
the board voted not to renew his contract. English appealed the board's decision to the
Commissioner, who affirmed the decision. See Act § 21.207. English then filed this suit for
judicial review in district court. See id.



JURISDICTION OF THE DISTRICT COURT


 The District brings one crosspoint alleging that the district court did not have
jurisdiction of English's suit for judicial review under section 16 of the Administrative Procedure
and Texas Register Act ("APTRA"), Tex. Rev. Civ. Stat. Ann. art. 6252-13a (West Supp. 1993). (4)

 Section 16(e) of APTRA provides, "A motion for rehearing must be filed by a party
within 20 days after the date the party or his attorney of record is notified of the final decision or
order as required by Subsection (b) of this section." Failure to file a timely motion for rehearing
deprives the district court of jurisdiction to review the agency's decision on appeal. Commercial
Life Ins. Co. v. Texas State Bd. of Ins., 774 S.W.2d 650, 651 (Tex. 1989). Section 16(b) of
APTRA states, "A party or attorney of record notified by mail of a final decision as required by
this section shall be presumed to have been notified on the date such notice is mailed." (Emphasis
added).

 The district court found that the Commissioner's final decision was rendered and
notice was mailed on September 21, 1990, but that English did not receive actual notice of this
decision until September 27, 1990. English's motion for rehearing was filed on October 17. The
District contends that this motion was untimely because it was filed more than twenty days after
the Commission mailed English notice of the Commissioner's decision and, therefore, the district
court had no jurisdiction to entertain English's suit for judicial review. The District asserts that
because English received notice within the twenty days and had some time remaining in which to
file his motion, in this instance fourteen days, the motion remained due twenty days from the date
the notice was mailed.

 We find this argument unpersuasive. The statute clearly states that a party has
twenty days after being notified to file a motion for rehearing. While there is a presumption that
the party is notified the date notice is mailed, English effectively rebutted this presumption by
proving he was not notified until September 27th. The District does not challenge the district
court's finding or the sufficiency of the evidence supporting this fact. As English filed a motion
for rehearing within twenty days after he was notified, the trial court had jurisdiction of this suit
for judicial review. We overrule the District's crosspoint.



THE BOARD'S DECISION


 English's single point of error rests upon his assertion that the board's action on
March 10 and March 31, 1986, constituted nonrenewal of his contract without providing him
notice or a hearing and, therefore, under section 21.204(b) of the Act, he was renewed as
principal for the 1986-87 school year. Appellees insist that no nonrenewal action was taken
improperly and that English was afforded his procedural rights under the Act.

 The Act was specifically designed to give teachers due process rights when a school
district decides not to renew the teacher's contract of employment. Central Educ. Agency v.
George West Indep. Sch. Dist., 783 S.W.2d 200, 202 (Tex. 1989); Seifert v. Lingleville Indep.
Sch. Dist., 692 S.W.2d 461, 462 (Tex. 1985). A teacher is entitled to notice and hearing before
the school board decides not to renew his contract. Salinas, 706 S.W.2d at 794. Otherwise, the
board elects to renew the teacher's contract for the succeeding year. Act § 21.204(b). These
procedural safeguards protect the teacher's property interest in term-contract renewal created by
the Act. See Grounds, 36 Tex. Sup. Ct. J. at 1038. 

 In Salinas, the evidence in the record clearly established that, at its first meeting
on the issue, the board of trustees voted not to renew the plaintiff teacher's contract before notice
and hearing. It then sent the teacher a letter stating, "You are hereby notified that . . . the board
of Trustees . . . voted not to renew your contract by majority vote. (emphasis added)." Salinas,
706 S.W.2d at 792. At a later board meeting, the draft agenda used by the board president stated,
"I hereby move to confirm the boards [sic] previous action of the termination for [appellant]." 
Id. at 794. Although the word "termination" was deleted and the phrase "proposed nonrenewal
of contract" was added in handwriting, we held that the school district's argument that it made
the decision not to renew after sending the letter to the teacher was unpersuasive. Id. The letter
plainly reflected that a decision was made before the teacher was given notice or hearing.

 After a superintendent has recommended that a teacher's contract not be renewed,
and the board of trustees has considered the teacher's written evaluations and the reasons for the
recommendation, the board has two alternatives. Act § 21.204(a). First, it can reject the
recommendation. Id. Otherwise, it shall give the teacher written notice of the proposed
nonrenewal no later than April 1st. Id. (emphasis added); see William T. Armstrong & Rosemary
L. Hollan, Teacher Termination and Nonrenewal in Texas Public Schools, 16 St. Mary's L.J.
783, 803 (1985). The board must send the teacher notice of proposed nonrenewal and inform the
teacher that the board will make a final decision whether to renew her contract within twenty-five
days unless the teacher requests a hearing within ten days of receiving notice. Act §§ 21.205,
21.206. In the event the board prematurely votes not to renew the teacher's contract before notice
and hearing, however, as in Salinas, the board in effect renews the teacher's contract for another
year. Act § 21.204(b). Thus, the key question is whether the board by its vote predetermined
the outcome of any nonrenewal process. 

 Any action the board takes after making a final decision, as in Salinas, cannot
correct a fatal procedural defect or prevent the automatic renewal of the teacher's contract. 
Nonetheless, subsequent actions of the board may shed light on the nature of the board's original
vote; in Salinas, both the language of the notice and the board president's draft of a proposed
motion in a subsequent meeting clearly revealed that the board, in fact, initially had voted not to
renew the plaintiff's contract. The parties agree that the notice sent to English and the board's
actions at the March 31st meeting could not "cure" the board's mistake if at the March 10th
meeting it had voted not to renew English's contract. 

 As in Salinas, the findings of fact made by the Commissioner are undisputed;
however, we must determine the legal effect of the board's vote on March 10th. Unlike a
determination of disputed fact, the Commissioner's determination of a question of law is not
entitled to a presumption of validity. Teacher Retirement Sys. of Tex. v. Cottrell, 583 S.W.2d
928, 930 (Tex. Civ. App.--Austin 1979, writ ref'd n.r.e.). (5) Appellees insist that the record
reflects that the board merely accepted tender of the superintendent's recommendation, instead of
acting upon the substance of the recommendation. By accepting, appellees argue, the board did
not reject the recommendation but instituted its second option to notify English of his right to a
hearing.

 The superintendent recommended "approval of the above contract [English's]
nonrenewal." A board member moved to accept this recommendation, a motion that carried by
a 6 to 1 vote. (6) By voting to accept this recommendation, the board, in effect, voted to approve
English's nonrenewal. The board's action on its face violated the Act, as in Salinas.

 The board's actions following the March 10th meeting support our conclusion. The
board called the March 31st meeting to affirm its previous action regarding nonrenewal and to
cure the defects in its March 10th vote. Between the meetings, our opinion in Salinas was issued,
and English filed a grievance regarding his evaluations. At the March 31st meeting, the board
was aware of the presence of a representative of the Texas State Teachers Association. Following
an executive session, the board members indicated that they had read the reasons for the
recommended nonrenewal. Finally, the board affirmed its previous action taken at the March 10th
meeting. As in Salinas, the after-the-fact description of this previous action as one involving
"proposed nonrenewal" cannot cure the board's initial violation of the Act, as appellees concede.

 We hold that when the District decided not to renew English's contract for
employment as principal, it did so without notice and without the opportunity for a hearing. 
English was thus denied the procedural protection afforded by the Act. We sustain English's
point of error.

 We reverse the judgment affirming the decision of the Commissioner and remand
the cause to the district court.


 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd; Chief Justice Carroll Not Participating

Reversed and Remanded

Filed: November 24, 1993

Publish
1.   We note that English's point of error attacks the decision of the Commissioner of
Education, not any action by the district court. However, we will construe this point
liberally as challenging the district court's affirmance of the Commissioner's decision.
2.   All references to the Act are to Tex. Educ. Code Ann. §§ 21.201-.211 (West 1987 &
Supp. 1993).
3.   The Commissioner found that this letter constituted notice of proposed nonrenewal as
required by section 21.204(a) of the Act. Although English does not directly attack this
finding by point of error, he argues in his appellate brief that this letter was insufficient to
serve as notice because an individual board member could not bind the board as a whole. 
English raises this contention for the first time on appeal. Because English's motion for
rehearing did not set forth the particular finding, conclusion, or ruling on this matter about
which he now complains, he may not seek judicial review of the Commissioner's finding. See
Burke v. Central Educ. Agency, 725 S.W.2d 393, 397 (Tex. App.--Austin 1987, writ ref'd n.r.e.). 
Nor may we consider an argument not presented in the district court. See Tex. R. App. P. 52(a).
4. Citations are to former Administrative Procedure and Texas Register Act. See Act of May
4, 1993, 73d Leg., R.S., ch. 268, sec. 1, §§ 2001.001-.902, 1993 Tex. Sess. Law Serv. 587,
737-54 (codified without substantive change as Administrative Procedure Act, Tex. Gov't Code
Ann. §§ 2001.001-.902 (effective Sept. 1, 1993). 
5.   The Attorney General suggests that we should apply a substantial evidence standard
of review when reviewing the fact-findings of the Commissioner under section 19(e) of
APTRA, and that we should afford the Commissioner discretion in interpreting ambiguous
statutory requirements. See Southwestern Bell Tel. Co. v. Public Util. Comm'n, 745 S.W.2d
918, 923-24 (Tex. App.--Austin 1988, writ denied). While these propositions are correct
statements of law, the parties do not dispute the facts in question here, nor do they contend that
the requirements or remedies found in the Act are ambiguous.
6.   The board unanimously approved the superintendent's other personnel
recommendations.