**Opinion issued July 14, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-21-00023-CV**

———————————

**SHELDON INDEPENDENT SCHOOL DISTRICT, Appellant**

**V.**

**BRANDON ROMERO AND MIKE MORATH, TEXAS COMMISSIONER OF EDUCATION, Appellees**

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-72951**

**MEMORANDUM OPINION**

The issue in this case is whether a school district can suspend a teacher's pay without first complying with the hearing requirements set forth Texas Education Code Chapter 21, subchapter F, which "applies if a teacher requests a hearing after receiving notice of the proposed decision to suspend the teacher without pay." *See*

TEX. EDUC. CODE § 21.251(a)(3). Because the Commissioner of Education, Mike Morath ["the Commissioner"], properly concluded that the hearing requirements were necessary but were not met before the Sheldon Independent School District ["the District"] suspended Brandon Romero without pay, and the trial court affirmed the Commissioner's decision, we, in turn, affirm the trial court's judgment awarding Romero back pay.

## BACKGROUND

### *Romero's Conduct and the Initial Investigation*

In October 2018, Romero, a teacher/coach at King High School, sent non-work-related electronic communications to female students late at night while he was intoxicated; some of those communications were sexually suggestive. He also invited two female students to his home to drink alcohol.

On February 11, 2019, Romero signed a statement to the District, and the District notified Romero that he was being placed on paid administrative leave.

On February 14, 2019, Romero was interviewed by the District's Executive Director of Personnel Services, after which he signed a written interview statement, admitting to the alleged conduct. On that same date, the District notified Romero that it intended to recommend to the District Board of Trustees ["the Board"] that his employment contract be terminated and that he be suspended without pay pending discharge. He received a second notice on February 28, 2019, which was

2

identical to the February 14 notice, except that it moved the date that the Board would consider these proposals from its February meeting until its March meeting.

On March 1, 2019, Romero submitted his written resignation from employment with the District to take effect at the end of the 2018-2019 school year.

On March 5, 2019, the Board voted to accept the superintendent's recommendation to suspend Romero without pay in lieu of termination.[1] Romero's leave without pay was made effective that date.

On March 6, 2019, the Board sent Romero a letter entitled "Notice of Proposed Suspension of [sic] Without Pay," which informed Romero that the Board had voted to "suspend[] [his contract] without pay for good cause, effective immediately[.]"

After receiving the Board's "Notice of Proposed Suspension of [sic] Without Pay," Romero requested a hearing before a hearing examiner as permitted by subchapter F of Chapter 21 of the Texas Education Code. *See* TEX. EDUC. CODE §§ 21.251–.260 (entitled "Hearings Before Hearing Examiners").

### *The Hearing and the Examiner's Ruling*

On May 7, 2019, an evidentiary hearing was held before independent hearing examiner ["IHE"], Peter Thompson. Both parties were present, represented by counsel, and given the opportunity to present evidence.

---

[1] Because of Romero's resignation, termination was no longer an issue.

After the hearing, on June 21, 2019, the IHE signed a document entitled "Recommendation of the Independent Hearing Examiner." The IHE described the issues presented to him as follows:

The only issue in dispute is a legal one—whether [the District] properly followed procedures under the Texas Education Code in suspending [Romero's] pay before there was a Chapter 21 hearing before [the IHE]. [The District] contends that the Texas Education Code requires (upon his request) a due process hearing before a certified IHE and the Board's consideration of the IHE's recommendation before it could actually suspend his pay. As discussed below, despite the untenable position in which this requirement puts the school administration and the Board—to continue paying a teacher who admits to outrageous conduct with respect to the school's students while the inevitable conclusion is reached that there is good cause to suspend the teacher without pay—[the IHE] is bound by prior decisions of the Commissioner construing the Texas Education Code to reach that conclusion.

Thereafter, the IHE entered the following Conclusions of Law relevant to the issue:

14. Good cause exists to suspend [Romero's] pay, effective March 6, 2019.

15. Under prior Commissioner decisions interpreting the relevant Texas Education Code provisions, [the District] could not actually suspend [Romero's] pay until after a due process hearing by an IHE (the undersigned), the IHE's recommendation for suspension without pay, and the Board's consideration and adoption of the IHE recommendation.

16. Unfortunately, despite the obvious unfairness of this conclusion, its placing the school administration in the untenable position of continuing to pay a teacher while awaiting (in this case) the inevitable outcome of a determination after an IHE hearing that there is good cause to suspend the teacher without pay, and the availability of an

4

award of back pay under Texas Education Code § 21.257(b) if good cause is not shown, the Texas Education Code and Commissioner decisions compel this conclusion.

17. In *Guerra v. San Diego ISD*, 1996 TX. Educ. Agency LEXIS 74, TEA Docket No. 147-R2-796 (Comm'r Educ. 1997), the Commissioner held in similar factual circumstances that the Board improperly suspended the teacher without pay, stating[,] "[The teacher] was entitled to a hearing before a certified hearing examiner prior to being deprived from his salary." *Id*., at Conclusion of Law 7. The Commissioner further concluded that the teacher was entitled to his salary and benefits from the date he was suspended without pay until his termination (back pay).

18. *Guerra* seems to turn on the fact that the board suspended the teacher's pay without giving him notice that the board was considering that proposal. *Id.*, Finding of Fact 6. Here, [Romero] was given notice that [the District] would consider the proposed suspension without pay on March 5, which would seem to distinguish the case from *Guerra*. However, the conclusion in *Guerra* was that the Board improperly suspended the teacher's pay before an IHE hearing. *Id. See also, Boyd v. Lake Travis Ind. School Dist.*, TEA Docket No. 153-R2-696, TX Educ. Agency LEXIS 201 (Comm'r Educ. 1996).

19. That the Texas Education Code allows the IHE to award "back pay" seemingly contradicts this conclusion as there would be no reason to award back pay unless the teacher's pay had already been suspended by the Board. Tex. Educ. Code § 21.257(b).

20. [The District] has cited cases dealing with a government employee's due process rights in his employment. However, [Romero] does not contend that [the District's] actions were unconstitutional, only that its actions did not comply with Texas administrative law, i.e., the Texas Education Code. The [the District's] constitutional arguments are unavailing here.

Thereafter, the IHE made the following recommendation:

That the Board of Trustees of Sheldon Independent School District adopt the foregoing Findings of Fact and Conclusions of Law and

5

reimburse [Romero] for salary not paid due to this suspension without pay from the date of the suspension until the date or [Romero's] termination or the date the Board considers this Recommendation, whichever is earlier.

***The Board's Decision***

On June 25, 2019, the Board considered the IHE's recommendation. While the Board adopted all the IHE's recommended fact findings, it changed or modified several of the IME's Conclusions of Law. Specifically, the District's Conclusions of Law provided in relevant part:

14. Good causes exists to suspend [Romero's] pay, effective March 6, 2019.

15. In *Guerra v. San Diego ISD*, 1996 TX. Educ. Agency LEXIS 74, TEA Docket No. 147-R2-796 (Comm'r Educ. 1997), the Commissioner held in similar factual circumstances that the Board improperly suspended the teacher without pay, stating[,] "[The teacher] was entitled to a hearing before a certified hearing examiner prior to being deprived from his salary" *Id.*, at Conclusion of Law 7. The Commissioner further concluded that the teacher was entitled to his salary and benefits from the date he was suspended without pay until his termination (back pay).

16. *Guerra* turned on the fact that the board suspended the teacher's pay without giving him notice that the board was considering that proposal. *Id.* After investigating the incident, Petitioner was placed on suspension with pay by the superintendent. The superintendent and the principal recommended to the board of trustees that Petitioner's contract of employment be terminated. The board voted to suspend Petitioner without pay and proposed the termination of Petitioner's contract at its meeting of February 22, 1996. Petitioner did not appear and did not receive notice of the board's proposed action prior to a final vote. [*Id.*] Here, [Romero] was given notice on February 14, 2019 and February 28, 2019, that [the Board] would consider the proposed suspension without pay, which distinguishes this case from Guerra.

6

17. The Texas Education Code allows an IHE to award "back pay" which provides statutory support of allowing an employee's pay to be suspended prior to a Board considering an IHE's recommendation, as there would be no reason to award back pay unless the teacher's pay had already been suspended by the Board. Tex. Edu. Code § 21.257(b)

18. Any conclusion of law deemed to be a finding of fact is hereby adopted as such.

In light of these conclusions of law, the District concluded that Romero's pay was suspended effective March 6, 2019, a date *before* the IME's fact-finding hearing and recommendation. The District concluded as follows:

> After due consideration of the record, matters officially noticed and the recommended Findings of Fact and Conclusions of Law, we the Board of Trustees of the Sheldon Independent School District hereby adopt these Findings of Fact and Conclusions of Law. Brandon Romero is suspended without pay effective March 6, 2019 for good cause. Brandon Romero is awarded no back pay.

### *The Commissioner's Decision*

After receiving the Board's decision, Romero appealed to the Commissioner of Education, as provided by section 21.301 of the Education Code. *See* TEX. EDUC. CODE § 31.301. The issue presented, as the Commissioner stated in his Decision of August 30, 2019, was "whether [the District] acted lawfully in suspending [Romero without pay before a hearing] pursuant to Chapter 21 of the Texas Education Code." Citing Commission of Education opinions dating back to 1996[2] and the relevant

---

[2] *See Boyer v. Austin Indep. Sch. Dist.*, Docket No. 062-R3-1296, 1997 WL 35411024 (Comm'r Educ. 1997); *Boyd v. Lake Travis Ind. Sch. Dist.*, Docket No. 153-R2-696,

7

Education Code statutes,[3] the Commissioner concluded that the District had improperly changed the IME's Conclusions of Law and that "[t]he correct legal conclusion in both *Guerra* and this case is that suspension without pay before completing the IHE process is unlawful." Thereafter, the Commissioner made the following Conclusions of Law.

1. A board of trustees is required to provide notice of proposed Board action to suspend or terminate a contract before the suspension or termination becomes effective. Tex. Educ. Code § 21.211(a)

2. Texas Education Code section 21.253 requires that a teacher be given notice of the proposed action and an opportunity to request and obtain a hearing before an independent hearing examiner before the action to suspend without pay takes place. *Guerra v. San Diego Indp. Sch. Dist.*, Docket No. 147-R2-796 (Comm'r Educ. 1996).

3. A board of trustees is required to state in writing the reason and legal basis for changing and rejecting the conclusions of law and recommendations made by the IHE. Tex. Educ. Code § 21.259(d).

4. [The Board] failed to provide adequate reason and legal basis for rejecting the IHE's Conclusions of law 15, 16, and 20.

5. [The Board] failed to state in writing any reason or legal basis for changing the IHE's Conclusions of Law 18 and 19 and recommendation.

6. [The District] failed to comply with Tex. Educ. Code § 21.259(d), a statute designed to protect the independent nature of the hearing-examiner process. *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d

---

1996 WL 35048821 (Comm'r Educ. 1996); *Guerra v. San Diego Ind. Sch. Dist.*, Docket No. 147-R2-796,1996 WL 35048819 (Comm'r Educ. 1996).

[3] *See* Chapter 21, subchapter F of the Texas Education Code. TEX. EDUC. CODE §§ 21.251–21.260 (entitled "Hearings Before Hearing Examiners")

559, 564 (Tex. 2000); *Goodie v. Houston Ind. Sch. Dist.*, 57 S.W.3d 646, 651 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

7. [The Board's] failure to state in writing the reason and legal basis for changing and rejecting the IHE's conclusions of law and recommendation is a failure to meet a necessary condition for changing or rejecting an IHE's conclusions of law and recommendation for relief.

8. [The District's] decision to affirm [Romero's] suspension without pay effective immediately was arbitrary, capricious, and unlawful.

9. [Romero] should be awarded back pay and benefits.

In accordance with his Conclusions of Law, the Commissioner "ORDERED that [the District] shall pay [Romero] all back pay and benefits from March 6, 2019 until the end of the 2018-2019 school year."

### *The District Court's Judgment*

The District appealed the Commissioner's decision to the district court, as permitted by Education Code section 21.307. *See* TEX. EDUC. CODE § 21.307(a)(1). On December 14, 2020, the district court "ORDERED that [the District's] request for relief is DENIED and the Commissioner's Decision is affirmed."

The District now brings this appeal.

### ROMERO'S ENTITLEMENT TO BACK PAY

In two related issues on appeal, the District contends that: (1) section 21.211 of the Texas Education Code "allows a school district's board of trustees to suspend a teacher's pay pending discharge with a proposed opinion, that is not finalized until a later meeting of the school board to review the recommendations of the

9

independent hearing examiner, and grant back pay if good cause is not found" and (2) that the District "provided explanation and legal reason[s] for rejecting the Independent Hearing Examiner's Conclusions of Law, as required by Texas Education Code 21.259(d)." In both issues, the District contends that the Commissioner erroneously concluded that the District could not suspend Moreno without pay *before* the hearing by the IHE.

***Standard of Review***

"On appeal of the district court's judgment, the focus of the appellate court's review, as in the district court, is on the decision of the Commissioner." *Goodie v. Houston Indep. Sch. Dist.*, 57 S.W.3d 646, 650 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). "A Commissioner's decision may only be reversed on appeal if the decision is not supported by substantial evidence or the [C]ommissioner's conclusions of law are erroneous." *Wittman v. Nelson*, 100 S.W.3d 356, 359 (Tex. App.—San Antonio 2002, pet. denied); *see also* TEX. EDUC. CODE § 21.307(f). "[T]he Commissioner's reasoning for his decision is immaterial if his conclusion is correct"; thus, we will "uphold the Commissioner's decision on any legal basis shown in the record." *Goodie*, 57 S.W.3d at 650.

The issue here calls upon us to review certain provisions of the Texas Education Code. Statutory construction presents a question of law that we review de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Texas Ass'n of*

10

*Psychological Assocs. v. Tex. State Bd. of Exam'rs of Psychs.*, 439 S.W.3d 597, 602–03 (Tex. App.—Austin 2014, no pet.). Our primary objective in statutory construction is to give effect to the legislature's intent. *Shumake*, 199 S.W.3d at 284. The plain meaning of the text is the best expression of legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or unless the plain meaning would lead to absurd or nonsensical results that the legislature could not have intended. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008); *see* TEX. GOV'T CODE § 311.011 ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). We consider the statute, and not just its isolated provisions. *Harlingen Family Dentistry v. Tex. Health & Human Servs. Comm'n*, 452 S.W.3d 479, 481–82 (Tex. App.—Austin 2014, pet. dism'd). A court must also presume that the legislature chose its language with care, and that it included (or omitted) each word purposefully. *See id.* Finally, a statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it. *See Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).

We must give "serious consideration" to the Commissioner's interpretation of a statute, and "we will generally uphold an agency's interpretation of a statute it is charged by the Legislature with enforcing 'so long as the construction is reasonable and does not contradict the plain language of the statute.'" *R.R. Comm'n of Tex. v.*

11

*Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011) (quoting *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993)).

In this appeal, the issue is whether the Commissioner's Conclusions of Law are erroneous. *See Wittman*, 100 S.W.3d at 359 ("A Commissioner's decision may only be reversed on appeal if the decision is not supported by substantial evidence or the [C]ommissioner's conclusions of law are erroneous.")[4] Specifically, we consider Conclusion of Law No. 2, in which the Commissioner concluded that "Texas Education Code section 21.253 requires that a teacher be given notice of the proposed action and an opportunity to request and obtain a hearing before an independent hearing examiner *before* the action to suspend without pay takes place." (Emphasis added). Because all the Commissioner's other Conclusions of Law hinge upon this one, we address it first.

***Applicable Provisions of the Texas Education Code***

Romero had a term contract with the District; thus, his termination or suspension was governed by Education Code section 21.211, which provides:

(a) the board of trustees may terminate a term contract and discharge a teacher at any time for:

(1) good cause as determined by the board; or

---

[4] Because both parties agree that there was substantial evidence to support Romero's suspension without pay and no party challenges the Commissioner's Findings of Fact, this case involves only the propriety of the Commissioner's Conclusions of Law.

12

(2) a financial exigency that requires a reduction in personnel.

(b) For a good cause, as determined by the board, the board of trustees may suspend a teacher without pay for a period not to extend beyond the end of the school year

(1) pending discharge of the teacher; or

(2) in lieu of terminating the teacher.

(c) A teacher who is not discharged after being suspended without pay pending discharge is entitled to back pay for the period of suspension.

TEX. EDUC. CODE § 21.211.

Subchapter F of Chapter 21 of the Education Code is entitled "Hearings Before Hearing Examiners." Section 21.251 of subchapter F provides:

(a) This subchapter applies if a teacher requests a hearing after receiving notice of the proposed decision to:

(1) terminate the teacher's continuing contract at any time, except as provided by Subsection (b)(3);[5]

(2) terminate the teacher's probationary or term contract before the end of the contract period, except as provided by Subsection (b)(3); or

(3) *suspend the teacher without pay*.

(b) For a good cause, as determined by the board, the board of trustees may suspend a teacher without pay for a period not to extend beyond the end of the school year:

(1) pending discharge of the teacher; or

---

[5] Subsection (b)(3) involves terminations "on the basis of a financial exigency" requiring "a reduction of personnel," and is not applicable here. See TEX. EDUC. CODE § 21.251(b)(3).

(2) in lieu of terminating the teacher.

(c) *A teacher who is not discharged after being suspended without pay pending discharge is entitled to back pay* for the period of suspension.

*Id.* § 21.251 (emphasis added).

Thereafter, subchapter F sets up a framework for the hearing process that is required if the teacher requests a hearing pursuant to section 21.251. The Commissioner of Education has described the process as follows:

> A school district begins the process of suspending a teacher with pay by notifying the teacher that the district has proposed to suspend the teacher. Texas Education Code § 21.251. At this point no decision to suspend the teacher has been made. The teacher then has fifteen days to send a request for a hearing to the Commissioner. Texas Education Code § 21.253. The Commissioner then appoints a certified hearings examiner to preside over the proposed suspension unless the parties can agree on an individual of their own choosing. Texas Education Code § 21.254. The certified hearings examiner has full powers to conduct the hearing. Texas Education Code § 21.255. At the hearing, the Texas Rules of Civil Evidence apply. Texas Education Code § 21.256. The school district has the burden of proof by a preponderance of evidence. Id. The certified hearings examiner's duty is to determine which evidence is credible. There is no presumption that either the administration's case or the employee's case is credible. Good cause for suspending a teacher without pay is "good cause as determined by the board." Texas Education Code § 21.211 (b). This does not mean that administration witnesses are given deference. Nor does it mean that the board can change findings of fact except as provided by Texas Education Code § 21.259.
>
> Once the hearing is complete, the certified hearings examiner makes a written recommendation that includes findings of fact and conclusions of law and which may include a proposal for granting relief. Texas Education Code § 21.257. Proposed relief may include reinstatement, back pay and employment benefits. Id. It cannot include attorney's fees

14

or hearing costs. Id. The decision is sent to the parties, the President of the board of trustees and the Commissioner. Id.

The board of trustees or a subcommittee created for this purpose then promptly considers the recommendation of the certified hearings examiner. Texas Education Code § 21.258. Within ten days of the board meeting, an announcement of the board's or the committee's decision is made. Texas Education Code § 21.259. The certified hearings examiner's findings of fact may be changed after the record is reviewed and if they are not supported by substantial evidence. The reason for any change to the conclusions of law, findings of fact and the proposal for relief must be stated in writing by the board or subcommittee. Id. See Goodie v. Houston ISD, Docket No. 002-R2-996 (Comm'r Educ. 1997) for further discussion.

This system, created by S.B. 1, dramatically changes the procedures of the past. A full and more formal evidentiary hearing is provided. The hearing is conducted by a lawyer who does not have clients who are involved in school litigation. Texas Education Code § 21.252. The board of trustees is significantly limited in its ability to change findings of fact. While the board has much more freedom to change conclusions of law and proposals for relief, the reasons for the change need to be clearly spelled out. Under the new system, the board of trustees do not hear the evidence and are limited in their ability to review the proposal it receives.

*Boyer v. Austin Indep. Sch. Dist.*, Docket No. 062-R3-1296, 1997 WL 35411024, at *1-2 (Comm'r Educ. 1997).

Of particular interest in this case is section 21.253 of subchapter F, which provides that "a teacher must file a written request for a [subchapter F hearing] with the commissioner not later than the 15th day after the date the teacher receives written notice of the *proposed* action." *See* TEX. EDUC. CODE § 21.253 (emphasis added).

15

Also, important to the issue in this case is subsection 21.257 of subchapter F, which provides:

> (a) Not later than the 60th day after the date on which the commissioner receives a teacher's written request for a hearing, the hearing examiner shall complete the hearing and made a written recommendation that:
>
>> (1) includes proposed findings of fact and conclusions of law; and
>>
>> (2) may include a proposal for granting relief.
>
> (b) The *proposed relief under Subjection (a)(2) may include* reinstatement, *back pay*, or employment benefits but may not include attorney's fees or other costs associated with the hearing or appeals from the hearing.

*Id.* § 12.257(a), (b) (emphasis added).

After the IHE hearing and recommendation, the Education Code provides that "[t]he board of trustees or a subcommittee designated by the board *shall consider the recommendation and record of the hearing examiner* at the first board meeting for which notice can be posted . . . following the issuance of the [IHE's] recommendation." *Id.* § 21.258 (emphasis added). After the board meeting, "the board of trustees or board subcommittee *shall announce a decision* that (1) includes findings of fact and conclusions of law; and (2) may include a grant of relief. TEX. EDUC. CODE § 21.259(a) (emphasis added). "[A]fter the date the board of trustees or board subcommittee announces its decision under Section 21.259, the teacher may appeal to the commissioner [under subchapter G]." *Id.* § 21.201.

16

*The Parties' Positions*

According to the District, "[t]he question at hand, is whether during the process of terminating an employment contract, the school district can suspend the teacher without pay?" The District contends that because both sections 21.211(c) and 21.257 reference "back pay," the Commissioner's interpretation requiring an IME hearing *before* suspending a teacher's pay leads to an "absurd result" because, "[i]f the exact same steps are required to stop an employee's pay, and also discharge the employee, there would be no need to ever award back pay, because the decision [to terminate and suspend pay] would ultimately be made simultaneously."

The Commissioner and Romero believe that the District is taking the "back pay" provisions in isolation, without properly considering the entirety of subchapter F, and that those provisions can be read in harmony with all the subchapter F provisions, including the requirement for an IME hearing. Specifically, the Commissioner and Romero argue that there are, in fact, circumstances in which back pay might be awarded, thereby undermining the District's argument that if an IME hearing is required before suspending a teacher without pay, "there would be no need to ever award back pay."

*Prior Commissioner Opinions and Analogous Judicial Authority*

Although no Texas courts have addressed the issue, the Commissioner of Education has consistently held that once a teacher has requests a subchapter F

17

hearing before an IHE, all the provisions of subchapter F must be complied with before the teacher's pay can be suspended.

In *Boyd v. Lake Travis Independent School District*, Docket No. 153-R2-696, 1996 WL 35048821 (Comm'r Educ. 1996), the petitioner, Boyd, challenged the School District's decision to suspend him without pay and to terminate his term contract prior to the end of the contract term. *Id.* at *1. The Commissioner addressed the application of subchapter F as follows:

> Petitioner objects that he did not receive notice that Respondent was considering suspending him without pay in violation of Texas Education Code §21.251. It should be noted that until the last session of the Legislature the Term Contract Nonrenewal Act did not apply to suspensions without pay. Texas Education Code §§ 21.201–21.211 (Vernon 1992). But the section of the new Texas Education Code which deals with term contracts does apply to suspensions without pay. Texas Education Code §21.211. In fact, the same Subchapter F procedures that apply to termination of contract apply to suspensions without pay. Petitioner did not receive notice of the proposal to suspend his employment without pay and therefore, had no opportunity to contest the action through the certified hearing examiner process. The district was required to give Petitioner this opportunity. Therefore, Petitioner is entitled to back pay for the period from February 20, 1996 to the date of the decision of the board of trustees.

*Id.* at *2. Thereafter, the Commissioner concluded that "Respondent failed to provide notice and an opportunity for a due process hearing prior to suspending Petitioner without pay. Petitioner is entitled to back pay for the period between February 20, 1996, until the date of the decision of the board of trustees." *Id.*

18

In *Guerra v. San Diego Independent School District*, Docket No. 147-R2-796 1996 WL 35048819 (Comm'r Educ. 1996), a decision both the IHE and the Commissioner rely on in this case, the petitioner was first suspended with pay, and then the board voted to terminate his contract on February 22, 1996. *Id.* at *2. The next day, the school district gave the petitioner notice of its vote to terminate his contract. *Id.* The IHE recommended that there was good cause for the petitioner's termination and that his salary was properly suspended even though he had not received notice of the district's intention to suspend him without pay. The Commissioner denied the petitioner's appeal as to good cause for termination but granted his appeal as to suspension without pay. The Commissioner addressed the issue as follows:

> Petitioner also asserts that under the recent decision of Boyd v. Lake Travis ISD, No. 153-Rs-696 (July 1996), he is entitled to his salary during the period of his suspension because the district failed to provide him with due process prior to suspending him without pay. Petitioner is correct. Tex. Educ. Code § 21.253 requires that a teacher be given notice of the proposed action and an opportunity to request a hearing before the action takes place. Petitioner was not given notice of the proposed action; therefore, the suspension without pay was invalid. Petitioner is entitled to his salary for the period of his suspension, up to the date of the decision of the board of trustees to terminate him.

*Id.* at *3. Thereafter, the Commissioner concluded that "Respondent improperly suspended Petitioner without pay prior to the hearing before the board of trustees; Petitioner was entitled to a hearing before a certified hearing examiner prior to being deprived of his salary," and the Commissioner held that "Petitioner is entitled to his

19

salary and benefits for the period of his suspension without pay, up to the date of the termination of his employment by the board of trustees." *Id.*

The most similar *judicial* decision on the issue is found in *Salinas v. Central Education Agency*, 706 S.W.2d 791, 794 (Tex. App.—Austin 1986). In *Salinas*, the "issue on appeal [was] whether a board of trustees [could] lawfully decide not to renew a teacher's contract without first giving the teacher notice that nonrenwal [was] being considered, and then allowing the teacher a hearing *before* the decision [was] made by the board." *Id.* at 794.

> It is clear that the Act was enacted to give Texas teachers certain procedural protections. *Seifert v. Lingleville Independent School District,* 692 S.W.2d 461 (Tex. 1985). The total effect of the Act is to ensure that teachers under term contracts will only be subject to nonrenewal when they fail to follow the lawful policies established by their school district, and that each school district must establish clear reasons for nonrenewal. Such teachers are entitled to notice and a hearing *before* the decision not to renew their contract is made by the board of trustees. See §§ 21.203–21.205 of the Act.

> The school district could not decide not to renew appellant's contract without complying with the procedural requirements of the Act. Fundamental fairness dictates that a person must be given the opportunity to be heard on the merits of the dispute at a meaningful time (adequate notice) and in a meaningful manner (a fair hearing). *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex. 1983). The Act permits no less.

> The Act plainly recognizes the power of the board of trustees of each school district to choose not to renew the contract of any teacher employed under a term contract. It may well be that the six specific reasons cited by the board in its March 12 letter would support its decision not to renew appellant's contract. However, *before* the board could lawfully *decide* not to renew appellant's contract, the board had

20

> to first comply with the minimum procedural requirements established by the Act. It had to notify appellant that nonrenewal was being proposed or considered, and it had to give him an opportunity to respond before deciding not to renew his contract.

*Id.* at 794–95.

*Analysis*

The District argues that because section 21.211(c) and 21.257(b) both permit the award of back pay, and back pay would never be an issue if a suspension without pay could not occur until after an IHE hearing, it would be an "absurd result" to require the completion of the subchapter F process before a District could suspend a teacher without pay. Specifically, the District argues that "[t]he only interpretation of the subchapter F process as applied to suspensions without pay, which does not ignore the provisions regarding back pay, is that a school district is allowed to place an employee on unpaid leave after providing notice of the board's vote in favor of the proposed decision while the process is pending to terminate the employee's contract."

The Commissioner responds that the District's interpretation reads the "back pay" provisions in isolation and ignores the clear language of section 21.251(a)(3), which unambiguously provides that subchapter F applies if a teacher requests a hearing after receiving notice of the proposed decision to suspend the teacher without pay. *See* TEX. EDUC. CODE § 21.251(a)(3). The District also points out that there are, in fact, situations in which back pay can properly be awarded, thus

undercutting the District's argument that the "back pay" provisions are meaningless unless the Court adopts its interpretation.

We agree with the Commissioner's position that, once a teacher has requested a hearing, the provisions of subchapter F, including the holding of an IME hearing, must be complied with before the District can suspend the teacher's pay. The District's position assumes that suspension without pay and termination are always pursued simultaneously. But, there is nothing in the record to show that such is always the case. In fact, the District's brief acknowledges that "there are very few times when a district could go through the [subchapter F] process twice, once to suspend the employee's pay, and again to terminate the contract." The District does not, nor can it, say that the two procedures *must* be pursued simultaneously. And, to the extent that the two circumstances could be pursued separately, the provision for back pay in subsection 21.211(c) can be reconciled with the requirement of a subchapter F proceeding *before* awarding back pay.[6]

---

[6] We also note that, as here, the termination without pay can be done in lieu of termination. TEX. EDUC. CODE § 21.211(b)(2). Thus, the discharge issue in this case did not "go hand in hand" with the suspension-of-pay issue. Once Romero resigned, his termination "pending discharge" became an "in lieu of terminat[ion]" proceeding. *See id.* § 21.211(b). Arguably, subsection (c) of that statute, which provides that "[a] teacher who is not discharged after being suspended without pay pending discharge is entitled to back pay for the period of suspension," does not apply in this case because discharge was not an issue. Romero's entitlement to back pay would be governed by section 21.257(b), not section 21.211(c).

22

Second, subchapter F and the requirement for an IHE hearing do not apply in situations in which the teacher does not request a hearing. *See id.* § 21.251(a). Thus, if a teacher is suspended without pay pending discharge and does not request a hearing, but is eventually not discharged for whatever reason, the teacher can be awarded back pay under section 21.211.  *See id.* § 21.211(c).

Finally, the fact that, under subsection 21.257, the IHE can recommend back pay as a potential remedy simply acknowledges that there may be circumstances in which the District has not complied with subchapter F and has wrongly suspended the teacher, thus making the remedy of back pay available. *See id.* § 21.257(b). In fact, the same provision also provides "reinstatement" as a proposed remedy, but the District does not and cannot argue that subchapter F and its requirement of a fact-finding hearing before an IHE does not apply in cases involving termination.

Thus, we agree with the Commissioner that the "back pay" provisions can be reconciled with the requirement of an IHE hearing *before* a teacher can be suspended without pay. This interpretation is consistent with the judicial interpretation of an analogous provision in *Salinas*, in which the court held that "teachers are entitled to notice and a hearing *before* the decision . . . is made by the board of trustees" and

23

that "before the board could lawfully decide . . . , the board has to first comply with the minimum procedure requirements established by the Act." [7] 706 S.W.2d at 794.

Accordingly, we overrule the District's first issue.

### *The District's Conclusions of Law*

The Commissioner's decision found that the Board did not provide "any explanation or legal basis" for its changes to the IHE's conclusions of law. In issue two, the District contends that it did, in fact, provide "explanation and legal reason for rejecting the [IHE's] Conclusions of law, as required by Texas Education Code 21.259(d)."

A school board is entitled to adopt, reject, or change a hearing examiner's conclusions of law, and make the ultimate decision of whether to renew a particular contract, so long as the school board's decision is supported by substantial evidence and free from legal error. *See* TEX. EDUC. CODE. §§ 21.259(b), 21.307(f). Here, the Board's changes to the IHE's conclusions of law were not "free from legal error." As the Commissioner stated in his decision, and this Court affirmed above, the

---

[7]      We note that *Salinas* addressed the requirement of a hearing before the board could make a decision not to renew a teacher's contract and held that the hearing must take place before the board made a final decision not to renew the contract. *See id.* § 21.207. Nevertheless, we find persuasive its holding that, once invoked by the teacher, a hearing is not only required, but it must also occur before the board of trustees can take the challenged action.

24

changes the Board made were "based on the Board's incorrect interpretation of the law as stated in its Conclusions of Law 16 and 17."

Accordingly, we overrule issue two.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Goodman and Landau.

25